**UNITED STATES, Appellee,**

**v.**

**Specialist Four Jessie L. PERRY, Jr., 256–84–3270, United States Army, Appellant.**

**CM 445410.**

U.S. Army Court of Military Review.

29 May 1986.

For Appellant: Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain Audrey H. Liebross, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Garreth E. Shaw, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

WOLD, Senior Judge:

In his initial brief filed before this court, appellant argued that the military judge, sitting as trier of fact, rendered fatally inconsistent findings when he acquitted appellant of rape but found him guilty of committing an assault by kissing the face and breast of the victim, unbuttoning and pulling down her pants, and placing his penis into her vagina. In effect, appellant argued that the acquittal of the rape charge was based on a finding that the

victim had consented to intercourse and that it was inconsistent for the judge to then find that the same act of intercourse constituted an assault. Declining to speculate as to the precise nature of the trial judge's findings, we remanded the case to him for an explanation of the rationale which led him to his general findings. *United States v. Perry*, CM 445410 (A.C.M.R. 18 Nov. 1985). After granting motions for reconsideration from both parties, we adhered to our original decision to remand. *United States v. Perry*, 21 M.J. 645 (A.C.M.R.1985).

The military judge's response to our remand included the following:

1. The court was not convinced beyond a reasonable doubt that ... the victim did not consent to the act of intercourse, in as much as *she did not manifest her lack of consent to the degree required in rape cases*, to wit: that she did what she was able, under the circumstances, to prevent the act of intercourse.

2. The court was convinced beyond a reasonable doubt that (in addition to the other elements necessary) [the victim] did not consent to the lesser included offense of indecent assault. (emphasis added).[1]

Paragraph 199*a*, Manual for Courts-Martial, United States, 1969 (Rev. ed.) [hereinafter cited as MCM, 1969], which discusses the offense of rape, provides in pertinent part:

Force and lack of consent are indispensable to the offense. Thus if the female

consents to the act, it is not rape. The lack of consent required, however, is more than mere lack of acquiescence. If a woman in possession of her mental and physical faculties fails to make her lack of consent reasonably manifest by taking such measures of resistance as are called for by the circumstances, *the inference may be drawn* that she did in fact consent.... All the surrounding circumstances are to be considered in determining whether a woman gave her consent....

(emphasis added).[2]

■ A comparison of the highlighted portions of the foregoing quotations reveals the difficulty confronting us. The law, as reflected by the quoted Manual provision, merely permits a fact finder to infer consent from the fact that the victim failed to take "such measures as are called for by the circumstances." The law does not, however, require the fact finder to draw this inference. On the contrary, certain situations may dispose of any need for resistance. *United States v. DeJonge*, 16 M.J. 974 (A.F.C.M.R.1983), *pet. denied*, 18 M.J. 92 (C.M.A.1984). In fact, "the level of resistance that may support a conviction for rape varies widely. [Resistance] is merely one factor to be considered among all the circumstances of the case." *United States v. Steward*, 18 M.J. 506, 511 (A.F.C.M.R.) (Miller, J., concurring), *pet. denied*, 19 M.J. 46 (C.M.A.1984).

It is imperative that all those concerned with the administration of military jus-

---

1. Appellant was found guilty of the Article 128, 10 U.S.C. § 928 offense of assault and battery, not the Article 134, 10 U.S.C. § 934 offense of indecent assault. The findings returned by exceptions and substitutions did not include an intent to gratify lust, which is an essential element of indecent assault.

2. In our view, the Manual for Courts-Martial does not prescribe substantive law, since the Constitution grants to Congress the power to "make Rules for the Government and Regulation of the land and naval Forces" (U.S. Const. art. I, § 8, cl. 14), and Congress, in Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836, has delegated to the President only the authority to prescribe rules for "[p]retrial, trial,

and post-trial procedures, including modes of proof" in courts-martial. The Constitutional designation of the President as the "Commander in Chief of the Army and Navy of the United States" (U.S. Const. art. II, § 2, cl. 1) appears to us to be consistent with his role as the chief *executive* officer of the Government, rather than an attempt to confer legislative authority on him.

The Manual is, however, a particularly persuasive commentary on substantive military law, and the quoted passage has traditionally been recognized as an accurate statement of the law. *United States v. Moore*, 15 M.J. 354 (C.M.A.1983); *United States v. Lewis*, 6 M.J. 581 (A.C.M.R.1978).

tice recognize that reasonable resistance by the victim is not a requisite element of the crime of rape. [It is error to state] that a woman *must* reasonably resist or be deemed to have consented. The level of a woman's resistance is only one of a number of factors to be considered "in light of all the circumstances," in determining whether the "lack of consent" element of rape is satisfied. A victim's failure to resist usually entitles an accused to argue that the fact finder may permissibly infer consent to his act of intercourse. But, it decidedly does not entitle an accused to insist that the fact finder presume that the victim consented. The accused is entitled to a permissible inference. He is not entitled to a presumption.

*Id.* at 512 (citations omitted).

■ In the case at bar, the trial judge's response indicates that he viewed the victim's resistance as an essential element of the offense of rape rather than as a permissible inference. However, the trial judge's finding that the victim consented to intercourse is binding irrespective of the route by which it was reached. *See Sanabria v. United States,* 437 U.S. 54, 64–65, 98 S.Ct. 2170, 2178–2179, 57 L.Ed.2d 43 (1978); *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1982). In order to constitute an assault, an act of violence must be without the lawful consent of the person affected. *See* para. 207 *a,* MCM, 1969. Therefore, the trial judge's finding that the victim consented to intercourse is inconsistent with a conviction for assault by means of the same act of intercourse.

■ The issue posed by "inconsistent" verdicts actually revolves around the question whether apparently inconsistent verdicts are in fact inconsistent. *See United States v. Snipes,* 18 M.J. 172 (C.M.A.1984); *United States v. Wilson,* 13 M.J. 247 (C.M.

A.1982); *see generally* 18 A.L.R.3d 259, 284–87 and cases cited therein. *Jury* verdicts which appear inconsistent are affirmed because it is recognized that juries do not necessarily reach their verdicts by linear logic. Since it is impossible to tell whether a given jury verdict is in fact inconsistent without invading the jury's deliberations, the law has elected to assume actual consistency. *Wilson,* 13 M.J. at 252 (Everett, C.J., dissenting). As to apparently inconsistent verdicts rendered by *judges, United States v. Snipes, supra,* rejected a rule declaring such verdicts inconsistent *per se.* Instead, the court opted for a case-by-case approach in which reversal would occur only if the reviewing court could discern no rational basis which might have led the judge to his verdict. 18 M.J. at 173–176. In none of the above cases, however, was the court confronted with an established instance of actual inconsistency such as we have in the case at bar. Here, there is no longer any question whether the trial judge's verdict was truly inconsistent or only apparently inconsistent; by his response that he found that the victim had consented to intercourse, the judge has informed us that the former is the case. That being so, appellant's conviction for assault by placing his penis into the victim's vagina must be set aside.

■ The question which remains is whether, given the finding that the victim consented to the act of intercourse, the remainder of appellant's assault conviction, based on the acts of kissing the face and breast of the victim and unbuttoning and pulling down her pants as preliminaries to the act of intercourse, can stand. "[A] woman may consent to sexual intercourse but not consent to various acts which have accompanied it...." *United States v. Wilson, supra,* 13 M.J. at 252 (Everett, C.J., dissenting);[3] *see also State v. Collins,* 228

---

**3.** Chief Judge Everett was of the opinion that this was "especially [true] if those acts follow intercourse and are deviant in nature," and, in the particular circumstances in *Wilson,* found it highly unlikely that the victim had opposed the actions which led up to intercourse, but then consented to intercourse itself. *Id.* The point here, however, is that it is not legally impossible for a woman to do so.

S.E.2d 259, 91 S.E.2d 259 (1956). Since there is no legal inconsistency between the trial judge's finding that the victim consented to intercourse and his finding that she did not consent to the preliminary touchings which formed the basis for the remainder of the assault conviction, we can see no legal impediment to affirmation of the remainder of the assault conviction. Our own review of the evidence convinces us that the victim did not consent to the preliminary touchings (and convinces us of the other elements as well). Therefore, we answer the final question in the affirmative.

We have considered the remaining assignments of error and find them to be without merit.

I would set aside the sentence and authorize a sentence rehearing with the proviso that if the convening authority determined a rehearing to be impracticable he could take an action approving no sentence. I find myself unable to cure the error in this case by sentence reassessment because I am not satisfied that I can determine the minimum sentence which the trial judge would have adjudged in the absence of his finding that the victim did not consent to the penetration for purposes of assault. *See United States v. Suzuki*, 20 M.J. 248 (C.M.A.1985). However, since my brothers are both satisfied that they can properly reassess, the results of that process are reflected in our decretal paragraph.[4]

The findings of guilty, except for the words, "place his penis into the vagina of," contained in the Specification of Charge III, are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Judge FELDER and Judge NAUGHTON concur.

---

4. In addition to the assault conviction described above, appellant was convicted of resisting apprehension, drunk driving, adultery, and committing an indecent, lewd, and lascivious act by licking the area around the victim's vagina. The approved sentence includes a bad-conduct discharge, confinement for four months, and total forfeitures.