## UNITED STATES

v.

**Henry A. SHANER, 490–86–8914, Hospital Corpsman Third Class (E–4), U.S. Navy.**

**NMCM 96 00612.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 22 June 1994.

Decided 16 May 1997.

LT James P. Benoit, JAGC, USNR, Appellate Defense Counsel.

MAJ Richard W. Koeneke, USMC, Appellate Government Counsel.

Before McLAUGHLIN, SEFTON and WYNNE, Appellate Military Judges.

McLAUGHLIN, Senior Judge:

The appellant was tried by a special court-martial composed of members. Contrary to his pleas, he was found guilty of sodomy with a child under the age of 16 and indecent acts, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934 (1994) [hereinafter UCMJ]. He was sentenced to confinement for 90 days, forfeiture of two-thirds pay per month for 3 months,[1] reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence and, except for the punitive discharge, ordered it executed. The appellant assigns six errors in the case.[2] Except for Assignment of Error IV, we find them to be without merit.

■ In regard to Assignment of Error I, we note that the appellant was charged with sodomy and indecent acts with M, a male teenager.[3] The appellant moved at trial to bar introduction of testimony of witnesses who saw the appellant and M hugging, kissing, fondling each other while dishabille,[4] and

1. The failure of the members to express the forfeiture in a whole dollar amount is a part of Assignment of Error IV and has merit. Rule for Courts-Martial 1003(b)(2), Manual for Courts-Martial, United States (1995 ed.) [hereinafter R.C.M.]. We will correct this error in our decretal paragraph.

2. I. THE MILITARY JUDGE ERRED BY ADMITTING EVIDENCE OF UNCHARGED MISCONDUCT WHICH WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE, AND WHICH WAS INDICATIVE OF NEITHER MOTIVE NOR PREPARATION.

II. THE GOVERNMENT WAS PREEMPTED FROM PROSECUTING APPELLANT FOR COMMITTING INDECENT ACTS BY "ENGAGING IN ORAL AND ANAL INTERCOURSE" UNDER PARAGRAPH 90 OF ARTICLE 134 OF THE UNIFORM CODE OF MILITARY JUSTICE, WHICH WAS PROMULGATED BY THE PRESIDENT, WHEN THIS CONDUCT IS SPECIFICALLY PUNISHED IN ARTICLE 125 OF THE UNIFORM CODE OF MILITARY JUSTICE, WHICH WAS ENACTED BY CONGRESS.

III. THE COURT–MARTIAL LACKED JURISDICTION OVER APPELLANT BECAUSE THE MILITARY JUDGE NEVER ANNOUNCED THAT THE COURT–MARTIAL WAS ASSEMBLED. (Citations omitted.)

IV. THE MEMBERS SENTENCED APPELLANT UNLAWFULLY TO "FORFEIT TWO-THIRDS PAY PER MONTH" VICE A CERTAIN DOLLAR AMOUNT, AND TO "PERFORM HARD LABOR WITH CONFINEMENT" VICE CONFINEMENT.

V. THE LEGAL OFFICER'S RECOMMENDATION AND THE SPECIAL COURT–MARTIAL ORDER FAIL TO MENTION THAT THE COURT–MARTIAL'S SENTENCE INCLUDED A RECOMMENDATION FOR "PSYCHOLOGICAL TESTING[,] EVALUATION AND TREATMENT AS SOON AS POSSIBLE." (Citations omitted.)

VI. THE TRIAL COUNSEL ENGAGED · IN PROSECUTORIAL MISCONDUCT WHEN HE MENTIONED CHARGE I IN HIS CLOSING ARGUMENT, DESPITE THE FACT THAT THE MILITARY JUDGE HAD ENTERED A FINDING OF NOT GUILTY AS TO THAT CHARGE. (Citations omitted.)

3. During the period charged under the Article 125, UCMJ, 10 U.S.C. § 925, violation, M was 15 years old. For the period charged under the Article 134, UCMJ, 10 U.S.C. § 934 offense, M was under the age of 16 years.

4. In this regard, the court-reporter was very observant. The pertinent witness's testimony is recorded as: "Mat didn't have pants on [smirked]." Record at 93.

sitting on each other's laps during the dates set forth in the charges and specifications under MIL.R.EVID. 403 and 404, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.). Record at 6.

MIL.R.EVID. 403 provides:

**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

MIL.R.EVID. 404 provides:

**Character evidence not admissible to prove conduct; exceptions; other crimes**

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide or assault case to rebut evidence that the victim was an aggressor;

(3) *Character of witness.* Evidence of the character of a witness, as provided in Mil.R.Evid. 607, 608, and 609.

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident....

The military judge denied the motion. In denying the motion, the military judge stated his findings favoring admissibility under MIL. R.EVID. 404. The judge also conducted the two-step analysis under MIL.R.EVID. 403. Record at 10–11. We have applied the three-step test of *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A.1989) to the military judge's ruling. The three standards for admissibility in *Reynolds* are:

1. Does the evidence reasonably support a finding by the court members that appellant committed prior crimes, wrongs or acts?

2. What "fact ... of consequence" is made "more" or "less probable" by the existence of this evidence?

3. Is the "probative value ... substantially outweighed by the danger of unfair prejudice"?

*Reynolds* at 109 (citations omitted). We conclude that the military judge's denial of the motion *in limine* was correct. It is beyond cavil that evidence of a romantic or physically affectionate relationship between two men, proximate in time to the alleged offenses, would be material and relevant in the prosecution of sodomy and indecent acts between the same two men. First, the evidence is relevant, and admissible on the merits under MIL.R.EVID. 404(b), to show preparation on the part of the appellant, i.e., intimacy and foreplay; and, opportunity, i.e., a willing partner. The evidence is not as shocking as the ultimate crimes, and its probative value is not substantially outweighed by the evils listed in MIL.R.EVID. 403, and set forth above. Second,

[t]he evidence of uncharged misconduct all fairly may be viewed as part of the *res gestae* of the charged offenses—closely linked to the charged offenses in time, place, and circumstance—and admissible to help explain and clarify the pattern of appellant's drug abuse and efforts to avoid detection that was reflected in the charged offenses. *See United States v. Metz*, 34 MJ 349, 351 (C.M.A.1992).

*United States v. Ryder*, 39 M.J. 454, 458 (C.M.A.1994), *cert. granted*, 513 U.S. 1071, 115 S.Ct. 713, 130 L.Ed.2d 621 (1995). Third, the testimony is powerful corrobora-

tion of the teenager's graphic testimony. In addition, the military judge gave an appropriate limiting instruction to the members to ensure that the use of the evidence remained within the bounds for which it was admitted. Record at 200.

Finally, the appellant clearly signalled from the outset of the case that the basis of his defense was that he was wholly heterosexual, not sexually active due to religious beliefs, and had never been physically intimate with the teenager, M. Certainly, in the face of the appellant's denial of a homosexual relationship under oath, eyewitness testimony of a 23–year–old Sailor and a 15–year–old teenaged boy hugging, passionately kissing on the lips, fondling each other partially clothed, and sitting on each other's laps is powerful impeachment-by-contradiction evidence of the testimony of the appellant that he harbored no homosexual tendencies, and that he and the teenager were not homosexual lovers who had engaged in a physical, romantic relationship. *See* MIL.R.EVID. 607 (entitled Who May Impeach); *see also Reynolds*, 29 M.J. at 110–11 (holding that introduction of MIL.R.EVID. 404(b) impeachment evidence in the Government's case-in-chief was not favored, but was not error, *per se* ).

■ Upon consideration of Assignment of Error II, we note that indecent acts is a lesser included offense of sodomy. *See* MCM, Part IV, ¶ 51d(3)(a). The MCM provides, in pertinent part:

(5) *Limitations on Article 134.*

(a) *Preemption doctrine.* The preemption doctrine prohibits application of Article 134 to conduct covered by Articles 80 through 132. For example, larceny is covered in Article 121, and if an element of that offense is lacking—for example, intent—there can be no larceny or larceny-type offense, either under Article 121 or, because of preemption, under Article 134. Article 134 cannot be used to create a new kind of larceny offense, one without the required intent, where Congress has already set the min-

imum requirements for such an offense in Article 121.

MCM, ¶ 60c(5)(a); *see United States v. Kick*, 7 M.J. 82 (C.M.A.1979); *United States v. Wright*, 5 M.J. 106 (C.M.A.1978).

■ We have found no case law that finds a charge to a lesser-included offense infirm under the law. In the case of *United States v. Watson*, 31 M.J. 49, 51 (C.M.A.1990), Watson was charged with rape, under Article 120, UCMJ, 10 U.S.C. § 920, but found guilty only of the lesser included offense of indecent assault under Article 134, UCMJ, 10 U.S.C. § 934 for " 'engaging in sexual intercourse' " without consent of the victim. *Watson*, 31 M.J. at 54 (quoting trial record); *see also United States v. Perry*, 22 M.J. 669 (A.C.M.R.1986) (no finding of inconsistency in a rape charge resulting in a finding of guilty to the lesser included offense of indecent assault by the accused placing his penis in the victim's vagina without her consent). No issue of preemption was addressed in either *Watson* or *Perry*, but, by analogy, if a finding of indecent assault under Article 134, UCMJ, 10 U.S.C. § 934, is sustainable although the acts are also an offense under Articles 80 through 132, UCMJ, 10 U.S.C. §§ 880–932, then the charging of a lesser included offense to a major offense under Articles 80 through 132, UCMJ, 10 U.S.C. §§ 880–932, is not barred by the preemption doctrine of Article 134, UCMJ, 10 U.S.C. § 934, set forth above. Therefore, in the appellant's case, the charging of indecent acts by engaging in sodomy is not defective and does not invoke the evils to be avoided by the preemption doctrine. Finally, the appellant did not move to dismiss the indecent acts charge at trial. Any perceived error is waived under R.C.M. 905(e).

Assignments of Error III, V, and VI are also without merit.

Accordingly, the findings of guilty are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $550.00 pay per month for 3 months, reduction to pay grade E–1, and confinement for 90 days is affirmed.

Judges SEFTON and WYNNE concur.