Chief Judge EFFRON
delivered the opinion of the Court.
A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of assault consummated by a battery (three specifications) in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2000). The court-martial returned findings of not guilty with respect to rape (two specifications) and indecent assault (one specification). See Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for six months, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed. United States v. Davis, 62 M.J. 645 (A.F.Ct.Crim.App.2006).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT REQUIRED APPELLANT TO DEMONSTRATE PREJUDICE FROM THE DENIAL OF HIS SUBSTANTIAL PRETRIAL RIGHT TO AN OPEN ARTICLE 32 HEARING, CONTRARY TO THE COURT’S OPINION IN UNITED STATES V. CHUCULATE, 5 M.J. 143 (C.M.A.1978) THAT STATES THE COURT WILL NOT TEST FOR PREJUDICE.
For the reasons set forth below, we affirm.
I. BACKGROUND
A. PUBLIC ACCESS TO PRETRIAL HEARINGS UNDER ARTICLE 32, UCMJ
A formal pretrial investigation is a predicate to the referral of charges to a general court-martial unless the accused waives the pretrial proceeding. Article 32, UCMJ, 10 U.S.C. § 832 (2000); Rule for Courts-Martial (R.C.M.) 405(a). The procedures for an Article 32 hearing include representation of the accused by counsel, the right to present evidence, and the right to call and cross-exam *447 ine witnesses. Article 32(b); R.C.M. 405(b)-(i).
A military accused is entitled to a public Article 32 hearing “absent cause shown that outweighs the value of openness.” ABC, Inc. v. Powell, 47 M.J. 363, 365 (C.A.A.F.1997) (citation and quotation marks omitted). R.C.M. 405(h)(3) vests the authority to close an Article 32 hearing in the commander who ordered the investigation. A command decision to close an Article 32 hearing must be made on a “ease-by-case, witness-by-witness, and cireumstance-by-circumstance basis.” Powell, 47 M.J. at 365. The present appeal concerns the applicable standards at both the trial and appellate level for reviewing a decision to close all or part of an Article 32 hearing.
B. PARTIAL CLOSURE OF APPELLANT’S ARTICLE 32 HEARING
The charges in the present case alleged sexual offenses against three women, AC, LG, and MM. All three appeared voluntarily at the Article 32 hearing. Immediately prior to the hearing, defense counsel learned that the investigating officer planned to close the proceeding during the testimony of AC and LG. Defense counsel objected on the ground that “[njeither evinced any embarrassment or timidity regarding the alleged events” during defense counsel’s interviews prior to the hearing. The investigating officer overruled the objection and excluded the public during AC and LG’s testimony “due to the sensitive and potentially embarrassing nature of the testimony and in order to encourage complete testimony about the alleged offenses____”
At trial, Appellant moved to dismiss the charges, contending that the investigating officer improperly closed a portion of the Article 32 hearing. The military judge ruled that the investigating officer had violated Appellant’s right to an open Article 32 hearing, but declined to order relief on the ground that improper closure resulted in no “articulable harm” to Appellant.
C. CONSIDERATION OF CLOSURE BY THE COURT OF CRIMINAL APPEALS
On appeal, the Court of Criminal Appeals agreed with the military judge that the investigating officer violated Appellant’s right to a public Article 32 hearing. Davis, 62 M.J. at 647. The court further determined that the military judge erred in failing to provide a remedy. Id. at 647-48. Taking note of Appellant’s timely objection at trial, the court observed: “Having established a violation of his substantial pretrial rights, the appellant should have had his right to a public pretrial investigative hearing enforced by the military judge — without a showing of prejudice or articulable harm.” Id. at 648. The court concluded that “the military judge abused his discretion by not dismissing the affected charges to allow for reinvestigation under Article 32.” Id.
After concluding that the military judge erred, the Court of Criminal Appeals tested that error for prejudice. Id. The court concluded that the error in closing a portion of the Article 32 proceeding did not result in prejudice to the findings and sentence at trial. Id. at 648-49. In particular, the court noted that: (1) the defense counsel had access to written statements by the witnesses and had interviewed the witnesses prior to trial; (2) defense counsel had cross-examined the witnesses at the Article 32 hearing; (3) defense counsel cross-examined the witnesses in the subsequent public trial; (4) the witnesses recounted their allegations at various times before and during the trial and their individual accounts remained consistent throughout the process; (5) there was no evidence that the closure of the Article 32 hearing impeded defense counsel’s trial preparation or that the testimony of the witnesses would have changed had there been a second, open Article 32 proceeding; and (6) defense counsel was able to effectively cross-examine the witnesses, resulting in acquittal of both alleged rapes and one indecent assault. Id.
The Government has not appealed the ruling of the military judge, affirmed by the Court of Criminal Appeals, that the investigating officer erred in closing the Article 32 *448 proceeding. Likewise, the Government has not appealed the determination of the Court of Criminal Appeals that the military judge erred by not requiring a new Article 32 proceeding in light of the closure. The present appeal calls upon our Court to determine whether: (1) the Court of Criminal Appeals correctly determined that the military judge’s error should be tested for prejudice, and (2) whether the court correctly concluded that the error was not prejudicial.
D. DIVERGENT VIEWS IN PRIOR CASES REGARDING CONSIDERATION OF PREJUDICE DURING APPELLATE REVIEW OF ARTICLE 32 ERRORS
Before our Court, parties in the present appeal have cited cases that reflect two different approaches to the evaluation of error in Article 32 proceedings. One line of eases holds that appellate courts must test Article 32 errors for prejudice. See, e.g., United States v. Mickel, 9 C.M.A. 324, 327, 26 C.M.R. 104, 107 (1958) (testing for prejudice the denial of right to counsel at Article 32 hearing); United States v. Holt, 52 M.J. 173, 184 (C.A.A.F.1999) (testing for prejudice inappropriate post-hearing conduct by the Article 32 investigating officer); United States v. Johnson, 53 M.J. 459, 462 (C.A.A.F.2000) (testing for prejudice the improper production of witness at Article 32 proceeding by illegal subpoena); United States v. Stirewalt, 60 M.J. 297, 302 (C.A.A.F.2004) (testing for prejudice when Article 32 investigating officer later served as staff judge advocate on case returned for rehearing).
A second line of cases provides for reversal without a showing of prejudice upon timely objection to an error at the Article 32 hearing. See, e.g., United States v. Worden, 17 C.M.A. 486, 489, 38 C.M.R. 284, 287 (1968) (reversing conviction based upon timely objection to denial of effective assistance of counsel at Article 32 proceeding); United States v. Maness, 23 C.M.A. 41, 47, 48 C.M.R. 512, 518 (1974) (reversing conviction based upon timely objection to denial of civilian counsel at Article 32 proceeding); United States v. Donaldson, 23 C.M.A. 293, 294, 49 C.M.R. 542, 543 (1975) (reversing conviction upon timely objection to Article 32 investigating officer’s legal authority); United States v. Chestnut, 2 M.J. 84, 85 (C.M.A.1976) (reversing conviction upon timely objection to failure to produce rape victim at Article 32 hearing); see also United States v. Chuculate, 5 M.J. 143, 145-46 (C.M.A.1978) (declining to reverse conviction for failure to produce a civilian witness at the Article 32 proceeding when the defense failed to request a deposition in lieu of live testimony and there was no showing of adverse effect at trial).
II. ANALYSIS
A. CONSIDERATION OF ARTICLE 32 ERRORS DURING DIRECT REVIEW OF THE FINDINGS AND SENTENCE
The parties have not articulated, and we have not identified, a persuasive theory that would justify two separate lines of authority for evaluating the effects of an erroneous ruling at trial with respect to the rights of an accused under Article 32. In that light, we identify here a set of principles for evaluating the effect of a ruling in which a military judge erroneously failed to provide an adequate remedy at trial for a violation of the rights of the accused in an Article 32 proceeding.
We begin our analysis with the applicable statutory requirement for evaluation of an error: “A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a), UCMJ, 10 U.S.C § 859(a) (2000). Article 59(a) establishes an appellate standard for review of the findings and sentence, not a trial-level standard for ruling on motions. In that regard, we note that the Court of Criminal Appeals correctly held that the military judge erred by requiring a showing of prejudice as a precondition to providing a remedy for violation of Appellant’s rights at an Article 32 proceeding. Davis, 62 M.J. at 647-48.
*449 The UCMJ and the Manual for Courts-Martial provide an accused with a substantial set of rights at an Article 32 proceeding. See, e.g., R.C.M. 405. As a general matter, an accused is required to identify and object to any errors in the Article 32 proceeding at the outset of the court-martial, prior to trial on the merits. See R.C.M. 905(b)(1). When an accused makes an objection at that stage, the impact of an Article 32 violation on the trial is likely to be speculative at best. The time for correction of such an error is when the military judge can fashion an appropriate remedy under R.C.M. 906(b)(3) before it infects the trial, not after the members, witnesses, and parties have borne the burden of trial proceedings. See Mickel, 9 C.M.A. at 327, 26 C.M.R. at 107; R.C.M. 906(b)(3). In the event that an accused disagrees with the military judge’s ruling, the accused may file a petition for extraordinary relief to address immediately the Article 32 error. See ABC, Inc. v. Powell, 47 M.J. 80 (C.A.A.F.1997) (granting petition for extraordinary relief and issuing a writ of mandamus).
When the case reaches the appellate courts on direct review, however, the situation is quite different. Article 59(a), like its federal civilian counterpart, Fed.R.Crim.P. 52(a), recognizes that errors are likely to occur in the dynamic atmosphere of a trial, and that prejudice must be shown before reversing the findings or sentence. Article 59(a) is applied through standards of review and appellate burdens tailored to the issue on appeal. As a general matter, for example, if an appellant demonstrates that a ruling by the military judge was in error, the burden then shifts to the government to demonstrate that the error was harmless. United States v. Pollard, 38 M.J. 41, 52 (C.M.A.1993). If the error is of constitutional dimension or involves unlawful command influence, the government must show that the error was harmless beyond a reasonable doubt. See United States v. Bins, 43 M.J. 79, 86 (C.A.A.F.1995) (constitutional error); United States v. Biagase, 50 M.J. 143, 151 (C.A.A.F.1999) (unlawful command influence). An error is treated as inherently prejudicial, without the need for a further showing of prejudice, only if it amounts to a “structural defect! 1 in the constitution of the trial.” See United States v. Meek, 44 M.J. 1, 6 (C.A.A.F.1996).
In summary, on appeal we evaluate an error in an Article 32 proceeding under Article 59(a). The standard of review and allocation of burdens in such cases depends on whether the defect amounts to a structural constitutional error or other constitutional error, unlawful command influence, or other nonconstitutional error. To the extent that our prior ease law reflects inconsistent treatment of Article 59(a) in the context of Article 32 errors, we take this opportunity to reiterate that Article 59(a) applies to all Article 32 errors considered on direct review of the findings and sentence of a court-martial.
B. IMPACT OF THE ERROR IN APPELLANT’S ARTICLE 32 HEARING
Although the Article 32 investigation is an important element of the military justice process, it is not part of the court-martial. An Article 32 investigation takes place before the convening authority’s decision to refer a case for trial by general court-martial. See R.C.M. 405(a); R.C.M. 407(a)(5); R.C.M. 601(d)(2)(A). A case may be referred to trial by special court-martial without conducting an Article 32 investigation, even though a special court-martial can result in the stigma of a punitive discharge and confinement for up to one year. See R.C.M. 201(f)(2)(B); R.C.M. 404; R.C.M. 405(a). In light of those considerations, the Article 32 investigation is not so integral to a fair trial that an error in the proceeding necessarily falls within the narrow class of defects treated by the Supreme Court as structural error subject to reversal without testing for prejudice. See Arizona v. Fulminante, 499 U.S. 279, 307-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (distinguishing between “trial errors” and “structural defects” when applying harmless error analysis); 2 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 7.03 (3d ed.1999).
The court below treated the error as a nonstructural error of constitutional dimension that could be tested for prejudice. *450 Davis, 62 M.J. at 648. The lower court concluded that the error in closing the proceeding was harmless beyond a reasonable doubt. Id. at 649.
We need not determine in this case whether the improper closure of the Article 32 proceeding was an error of constitutional or nonconstitutional dimension. As summarized above in Section I.C., the Court of Criminal Appeals conducted a detailed prejudice evaluation of the erroneous partial closure of the Article 32 hearing, concluding that the error was harmless beyond a reasonable doubt. Davis, 62 M.J. at 648-49. We agree with the Court of Criminal Appeals for the reasons set forth in that court’s opinion. Id. In short, irrespective of whether the error was of constitutional or nonconstitutional dimension, the court below did not err in affirming Appellant’s conviction.
III. CONCLUSION
The decision of the United States Air Force Court of Criminal Appeals is affirmed.