# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**Sergeant ROBERT B. BERGDAHL, Petitioner**
v.
**Lieutenant Colonel PETER Q. BURKE, Commander, Respondent**
**&**
**The UNITED STATES, Respondent**

ARMY MISC 20150624

For Petitioner:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Alfredo N. Foster, JA; Lieutenant Colonel Franklin D. Rosenblatt; Eugene R. Fidell (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain Alfredo N. Foster, JA; Lieutenant Colonel Franklin D. Rosenblatt; Eugene R. Fidell (on reply brief).

Amicus Curiae:  For the Center for Constitutional Rights: Baher Azmy; J. Wells Dixon; Shayana D. Kadidal (on brief).

For Respondent:  Colonel Mark H. Sydenham (JA): Major A.G. Courie III, JA; Captain Jihan Walker, JA (on brief).

8 October 2015

------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE
NATURE OF A WRIT OF MANDAMUS
------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

Petitioner is charged with desertion and misbehavior before the enemy, in violation of Articles 85 and 99, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 899 [hereinafter UCMJ].  Pursuant to Article 32, UCMJ, a preliminary hearing was conducted in petitioner's case on 17-18 September 2015.

On 17 September 2015, Sergeant Robert Bergdahl petitioned this court for extraordinary relief in the nature of a writ of mandamus. Specifically, petitioner asks this court to direct the respondent, the special court-martial convening authority, to: 1) make public forthwith the unclassified exhibits that have been received in evidence in the accused's preliminary hearing; and 2) modify the protective order to permit the accused to make those exhibits public. For the reasons below, the petition is dismissed.

As an initial matter, it is important to note what this petition does not concern. This court has not been asked to review the appropriateness of the protective order issued by the special court-martial convening authority. Neither petitioner nor the United States has submitted to the court (under seal or otherwise) the documents that are subject to the protective order. The record in front of this court consists solely of the filings by the petitioner and the government, attached exhibits, and a brief submitted by the Center for Constitutional Rights as *amicus curiae*. Even if this court were to try to resolve the issue of whether the protective order is overly broad or infringes on the petitioner's right to a public hearing, as *amicus curiae* suggests, we are unable to do so. Instead, the question presented to this court is the narrow one submitted by petitioner: "Once an unclassified document has been accepted in evidence in a preliminary hearing open to the public, must the convening authority release it and permit the accused to do so?"

Before we can address petitioner's question, however, we must first determine whether we have jurisdiction to issue the writ requested. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (Jurisdiction must be established as a threshold matter without exception).

The Army Court of Criminal Appeals is a court of limited jurisdiction, established by The Judge Advocate General. UCMJ art. 66(a) ("Each Judge Advocate General shall establish a Court of Criminal Appeals. . . ."). The mandate to establish this court was made pursuant to the authority of Congress to pass laws regulating the Armed Forces. *See* U.S. Const. art. I § 8, cl. 14. While this court has jurisdiction to issue writs under the All Writs Act, 28 U.S.C. § 1651, we must exercise this authority "in strict compliance with [the] authorizing statutes." *Ctr. For Constitutional Rights (CCR) v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013). Our jurisdiction to issue the requested writ is limited to our subject matter jurisdiction over the case or controversy. *See United States v. Denedo*, 556 U.S. 904, 911 (2009); UCMJ art. 66. "To establish subject matter jurisdiction, the harm alleged must have had 'the potential to directly affect the findings and sentence.'" *LRM v. Kastenberg*, 72 M.J. 364, 368 (2013) (quoting *CCR*, 72 M.J. at 129).

In determining whether we have jurisdiction, we are cognizant of the role this court plays in the military justice system. This court does not have jurisdiction to oversee military justice generally. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999).

The Judge Advocate General, staff judge advocates, and convening authorities are among those with significant duties in overseeing military justice. *See e.g.* UCMJ arts. 26(a), 27(b)(2), 69 and 73 (responsibilities of the Judge Advocate General in designating military judges, certifying the qualifications of counsel, conducting appellate review, and acting on petitions for new trials); UCMJ arts. 32, 34 60, 71, and 138 (responsibilities of convening authorities in appointing preliminary hearings, referring cases to trial, approving and executing sentences, and hearing complaints against commanding officers). In general, while the jurisdiction of this court over the findings and sentence of a case referred to it is broad, *see* UCMJ art. 66(c); *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991) ("a clearer *carte blanche* to do justice would be difficult to express"), the authority of this court to review pre-referral matters is limited and lacks a firm statutory basis.

Although not phrased as such, the relief petitioner seeks is for this court to countermand an order given by a military commander, in a circumstance where there is not yet—and may never be—a court-martial. This would be a broad view of this court's jurisdiction.

Nonetheless, although it is a broad view, it is not unheard of. In *ABC, Inc. v. Powell*, 47 M.J. 363 (C.A.A.F. 1997), our superior court granted a writ in a case that is somewhat similar to the issue presented here. In *Powell*, the special court-martial convening authority directed that the *entire* Article 32, UCMJ, hearing be closed. The Court of Appeals for the Armed Forces (C.A.A.F.) granted the writ, ordered that the hearing be open to the public, and directed that the hearing may be ordered closed only as necessary on a case-by-case basis. *Id.* at 365-366. However, since that time, the C.A.A.F has questioned whether *Powell* continues to be good law. In denying a writ seeking media access to court-martial filings, (as opposed to filings at a pretrial hearing such as the present circumstances), the C.A.A.F. in *CCR* rejected *Powell* as controlling precedent, noting that "(1) *Powell* was decided before *Goldsmith* clarified our understanding of the limits of our authority under the All Writs Act, and (2) we assumed jurisdiction in that case without considering the question." *CCR*, 72 M.J. at 129.

In *Goldsmith*, the Supreme Court clearly stated that a Court of Criminal Appeals' jurisdiction extends to reviewing the findings and sentence of courts-martial. 526 U.S. at 535. Under the All Writs Act, this court can issue process "in aid" of that jurisdiction. Thus, for example, the C.A.A.F. had jurisdiction to order the removal of a "biased" military judge as it "had the potential to directly affect the findings and sentence" and was therefore in aid of the court's jurisdiction. *CCR*, 72 M.J. at 129 (citing *Hasan v. Gross*, 71 M.J. 416 (C.A.A.F. 2012)).

Viewing *Powell* in light of *Goldsmith*, we reject the invitation to extend the jurisdiction of this court under the All Writs Act to the pre-referral matter raised in this writ. Furthermore, the matter petitioner desires us to address is not a judicial

3

order with focused applicability to only the Article 32 preliminary hearing. Rather, the order in question is a military order provided by a commander with application far beyond the Article 32, UCMJ. Specifically, the protection provided the contents of the Army Regulation 15-6 administrative investigation, for example, should and must be sought through administrative channels provided outside the court-martial process, such as the Freedom of Information Act (FOIA) 5 U.S.C. § 552, Army Reg. 15-6, Procedures for Investigating Officers and Boards of Officers, para. 3-18(b) (2 Oct. 2006), and Article 138, UCMJ (Complaints of wrongs).

In *Goldsmith*, the Supreme Court distinguished between "executive actions" (where writ jurisdiction did not exist) and actions effecting the "finding" or "sentence" (where writ jurisdiction does exist). *Goldsmith*, 526 U.S. at 535. Although a closer call than the facts presented in *Goldsmith*, we find a protective order issued by a military commander, intended to cover the public release of government information both before and after a preliminary hearing, to be more akin to an executive action. An Article 32 hearing is "not part of the court-martial." *United States v. Davis*, 64 M.J. 445, 449 (C.A.A.F. 2007).[1] An Article 32 hearing, being a hearing conducted before a decision is made to send a case to trial, is unlikely to have "the potential to *directly* affect the findings and sentence" as required for writ jurisdiction. *Kastenberg*, 72 M.J. at 368 (emphasis added).

This is not to say that as an executive action, the protective order is not subject to judicial review. Assuming a proper request, when an agency fails to comply with FOIA, a civil action may be brought against the agency in a United States district court. 5 U.S.C. § 552(a)(4)(B).

Setting aside whether this filing is a FOIA request clothed as a writ petition and whether there are other paths more appropriate to address petitioners claim, the structure of the military justice system assigns to others the initial responsibility of addressing the issue presented by the petitioner. While this includes the military commander, most critically it includes the military judge. Were we to assume that the charges will be referred to a general court-martial in order to arguably find jurisdiction over this writ, we must also assume that a military judge will be detailed to the case. UCMJ art. 26(a) ("A military judge shall be detailed to each general court-martial."). Not only will the military judge be the structurally appropriate

---

[1] The charges may be dismissed prior to referral or referred to a summary or special court-martial, in which case, the requirement for a preliminary hearing disappears. *See* Rule for Courts-Martial [hereinafter R.C.M.] 405(a) ("Failure to comply with this rule shall have no effect on the disposition of the charge(s) if the charge(s) is not referred to a general court-martial.").

person to consider the questions presented by this writ, the military judge, having a more developed record, will also be far better positioned to consider the matter.

Furthermore, in the course of appellate review, in order to receive relief from an error in a preliminary hearing an accused would be required to demonstrate a material prejudice to a substantial right. UCMJ art. 59(a); *Davis*, 64 M.J. at 448. Put differently, if an accused must be prejudiced to receive relief on appeal, at least a similar showing of potential prejudice to the findings or sentence is a threshold requirement for this court to issue the writ.[2] To the extent that petitioner has identified possible prejudice,[3] the petitioner has not demonstrated that the prejudice is incapable of remedy at trial through, for example, the process of liberal voir dire and other available court remedies. *See* R.C.M. 905(b)(1) and 906.

Even assuming we were to find jurisdiction in this case, we would not grant petitioner the relief he seeks. To prevail on his writ of mandamus, petitioner must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court for D.C.,* 542 U.S. 367, 380–81 (2004). We conclude that petitioner has fallen short on all three prongs.

As to the first prong, we again note that the accused retains the full ability to seek relief at trial from any error arising from the Article 32 hearing. If a preliminary hearing did not substantially comply with R.C.M. 405 and Article 32, the military judge may reopen the Article 32 hearing or provide other appropriate relief. R.C.M. 906(b)(3). In this way, this case differs significantly from the issues presented in *Powell* and *CCR*. In *Powell*, the news media petitioners were barred access from the hearing itself, and a remedy given after the hearing had concluded would have been too late. 47 M.J. at 365. In *CCR*, the writ addressed access to trial documents, and not documents submitted during the Article 32 hearing.

With regards to the second prong, petitioner's right to the issuance of the writ is not clear or indisputable. Petitioner requests two forms of relief: (1) the immediate release of all exhibits; and (2) permission to release the documents to the

---

[2] Notably, however, an accused who alleges a defect in the Article 32 hearing in a motion to the military judge is *not* required to demonstrate prejudice. *See Davis*, 64 M.J. at 448. Again, the military judge, vis-à-vis this court, is likely to be in a superior position to consider this matter.

[3] Petitioner alleges negative media coverage "seriously threatens . . . his right to a fair trial if any charge is referred for trial."

public himself.[4]  In support of this contention petitioner cites to the public's broad right to access documents admitted at trial.  We agree with the brief submitted by *amicus curiae* that public access to trial documents serves important public interests. "[P]ublic scrutiny" does indeed serve as a restraint on government, and openness has a "positive effect on the truth-determining function of the proceedings."  Article 32 hearings, however, are not an apples-to-apples comparison to trials on the merits. As an Article 32 preliminary hearing is conducted *before* there has been a decision on whether to send the case to trial, comparisons to civilian practice are difficult. As an Article 32 hearing is created by statute, an accused's rights at such a proceeding generally have a statutory basis.  Additionally, Article 32 preliminary hearings are not governed by rules of evidence.  Evidence that would be excluded or suppressed at trial may be admitted at an Article 32 hearing.  R.C.M. 405(h).  An Article 32 preliminary hearing officer cannot ordinarily screen out documents of dubious reliability, that are of questionable authenticity, or whose probative value is substantially outweighed by dangers of unfair prejudice.  While an Article 32 hearing is a public proceeding, it is not clear that the public's interest in obtaining documents at a preliminary hearing is viewed through the same lens as the public's right to admitted documents at trial on the merits.  Thus, while we find the arguments of *amicus curiae* regarding openness to possess merit, petitioner has not met his burden to establish a "clear and indisputable" right to the requested relief.

As to the last prong, we do not find the relief petitioner seeks would be appropriate. A judge-made rule that such matter is automatically public (as petitioner requests) or is presumptively public (as *amicus curiae* argues) would have secondary effects.

With no rules of evidence, and without a judicial officer, such a rule would allow a party to make public the entire case file so long as the information was relevant to the purposes of the preliminary hearing. *See* R.C.M. 405(a) (purpose of the hearing includes information relevant to disposition). This would allow a party to introduce into the public sphere information that is inadmissible at trial and whose evidentiary value may be minimal.  *See* Army Reg. 27-26, Rules of Professional Conduct for Lawyers*,* Rule. 3.6 (Tribunal Publicity) (1 May 1992).  As an accused does not have full access to discovery until after referral, such a rule would result in an uneven power dynamic. *See* R.C.M. 701(a).

---

[4] As petitioner seeks the right to release the documents himself without the redaction of sensitive matter (such as social security numbers, graphic photos, or medical records), the relief petitioner seeks goes far beyond the case-by-case evaluation required by *Powell*.

Lastly, a rule that provided for the automatic publication of all matter submitted to an Article 32 hearing appears to be contrary to the Military Rules of Evidence and Rules for Courts-Martial.  Military Rule of Evidence 506(e)(1)(D) specifically allows the government to provide sensitive information to the accused before referral subject to a protective order.  Additionally, the authority of the preliminary hearing officer under R.C.M. 405(i)(9) to seal exhibits is not limited to classified exhibits.  Both rules would be undermined by the outcome that petitioner suggests.

## CONCLUSION

Therefore, for the reasons stated above, the petition for extraordinary relief in the nature of a writ of mandamus is DISMISSED.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court