# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Craig D. MERCIER
### Operations Specialist Second Class (E-5), U.S. Coast Guard

## Docket No. 001-62-16

## 18 March 2016

General Court-Martial convened by Commander, First Coast Guard District. Article 39(a) sessions at Boston, Massachusetts, on 5 November & 14 December 2015; ruling by military judge on 5 January 2016.

| | |
|---|---|
| Military Judge: | CDR Cassie A. Kitchen, USCG |
| Trial Counsel: | LT Robert W. Canoy, USCGR |
| Assistant Trial Counsel: | LT Grace E. Oh, USCGR |
| Defense Counsel: | LT John D. Cella, JAGC, USN |
| Assistant Defense Counsel: | LT John T. Cole, JAGC, USN |
| Appellate Government Counsel: | LT Tereza A. Ohley, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

JUDGE, Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ). On January 5, 2016, the Military Judge dismissed specification 6 of Charge II without prejudice. In accordance with Article 62, the trial counsel provided the military judge with written notice of appeal from the order on January 8, 2016, within seventy-two hours of the ruling. On January 29, 2016, the Government filed the record of trial with this Court. The Government filed its appeal brief on February 17, 2016. Appellee filed his brief on March 15, 2016.

The Government appeals the military judge's dismissal of Specification 6 of Charge II, asserting the following contentions:

A.    The plain language of Articles 32 and 34 is unambiguous: preliminary hearing officers are to write a report that addresses the purposes of the preliminary hearing; they do not have the power to dismiss charges through the report's assessment of probable cause.

B.    Although a reading of Article 32 and 34 is sufficient to determine that the statutes are clear and consistent in providing that the PHO's determinations are advisory, an examination of legislative history also supports that conclusion.

C.    The accused has no due process right to a binding determination by the PHO.

D.    Charge II, Specification 6 should not have been dismissed for improper referral; because the Article 34 advice is not defective or misleading in any way.

### Proceedings Below

The accused is charged with, among other things, six specifications alleging a violation of Article 134 by the communication of indecent language. Pertinent to this appeal are Specifications 6 and 7 of Charge II, which each allege the accused communicated indecent language to a civilian woman, CM, from on or about August 2011 through December 2013. A preliminary hearing under Article 32, UCMJ, was held on September 11, 2015. CM did not testify; instead, the Government submitted a Coast Guard Investigative Service (CGIS) agent's memorandum summarizing his interview of CM, and a transcript of an electronic messenger conversation between the accused and CM. In his September 21, 2015, report, the Preliminary Hearing Officer (PHO) did not find probable cause to believe the accused committed Charge II, Specification 6 because neither the memo nor the transcript contained any language supporting two of the alleged indecent statements and the other two statements (alleging sex with his brother and mother) were best captured by the language of Specification 7. The PHO therefore did not recommend referring Charge II, Specification 6 to a general court-martial.

In his October 9, 2015, Article 34 advice, the Staff Judge Advocate (SJA) concurred with all the PHO's recommendations with the exception of Charge II, Specification 6, next to which he wrote "I do not concur with the PHO's recommendation. The specification is supported by the expected testimony of Ms. C.M." The convening authority referred all charges to a general court-martial on October 14, 2015.

On November 25, 2015, the defense moved to dismiss Specification 6 of Charge II, arguing that (1) since no probable cause existed to support Charge II, specification 6, referral to a general court-martial violated the accused's right to due process; and (2) that the Article 34 advice was misleading in that it stated that the charges were "warranted by the evidence indicated in [the PHO's report]." A hearing on the defense's motion was held on 14 December 2015. The military judge granted the defense's motion on January 5, 2016, dismissing Specification 6 of Charge II. The military judge also held that "even if a determination by the PHO that probable cause exists is *not* a necessary precondition to referral to a GCM . . . to the extent the Article 34 advice relied on evidence not before the PHO, it is defective." This appeal followed.

## Applicable law, Scope and Standards of Review

Under Article 62, we act only with respect to matters of law. We review the military judge's decisions for abuse of discretion. We reject her findings of fact only if they are clearly erroneous or not supported by the evidence.

The law pertinent to this appeal is that governing the preliminary hearing required by Article 32 and Rule for Courts-Martial (R.C.M.) 405, Manual for Courts-Martial, United States, as amended by Exec. Order 13696, 80 Fed. Reg. 35,783 (17 June 2015), as well as the staff judge advocate advice required by Article 34. Unless waived, a preliminary hearing is required before charges can be referred to a court-martial. Article 32(a)(1). One purpose of the preliminary hearing is to determine "whether there is probable cause to believe an offense has been committed" by the accused. Article 32(a)(2)(A). The preliminary hearing officer must prepare a report that specifically addresses whether probably cause exists. Article 32(c). A convening authority cannot refer a specification to a general court-martial, "unless he has been advised in writing by the staff judge advocate that— . . . the specification is warranted by the evidence indicated in" the preliminary hearing officer's report. Article 34(a).

## Analysis

The Government presents multiple issues, most of which deal with the nature and effect of the PHO's determination of probable cause. We address only the fourth one, which relates to

the military judge's alternative holding that the Article 34 advice was defective because it relied on the expected testimony of CM which was not presented at the preliminary hearing.

The facts in this case are not in dispute. The parties agree that no direct evidence was presented at the preliminary hearing concerning the last two of the four statements allegedly made by the accused to CM; these statements are not found in either the CGIS memo or the electronic messenger transcript. The Government argues instead that the "PHO report contains circumstantial evidence that the accused also made the other two listed statements because he habitually made statements like them to other people." The Government then goes on to list several different statements that the accused made to other people, but these statements are not similar to the last two statements alleged in Specification 6. The military judge's finding that no evidence as to these statements was presented at the preliminary hearing is not clearly erroneous.[1]

The failure to present any evidence as to these two statements at the preliminary hearing presents two problems for the Government. First, the failure to present any such evidence means that the preliminary hearing was not in substantial compliance with Article 32 and R.C.M. 405 with regard to Specification 6 ("no charge or specification may be referred to a general court-martial for trial until completion of a preliminary hearing in substantial compliance with this rule." R.C.M. 405(a).) To substantially comply with R.C.M. 405, the Government must present at least some evidence from which the PHO could find probable cause in support of each specification. A preliminary hearing at which no evidence is presented as to a specification is not in substantial compliance with R.C.M. 405 because it cannot fulfill one of the purposes of the preliminary hearing: to determine if there is probable cause to believe that an offense was committed and the accused committed the offense. *Id.* If the accused timely objects, a specification cannot be referred to general court-martial without substantial compliance with Article 32 and R.C.M. 405, regardless of the PHO's or the SJA's determination regarding probable cause.

---

[1] In addition to the PHO's report (Appellate Ex. V at 21), the Article 34 advice (*Id.* at 48) and the parties' briefs, the military judge also had the transcript of an electronic messenger conversation between the accused and CM (Appellate Ex. XVII at 113-120) along with the CGIS memorandum documenting CM's interview (*Id.* at 97-98; also found in Appellate Ex. XV at 94-95).

Second, because no evidence was presented as to the statements at issue, the PHO's report contained no evidence as to these statements. Consequently, this specification could not be properly referred to the court-martial because no specification may be referred to a general court-martial unless the Staff Judge Advocate advises the Convening Authority that the specification is warranted by the evidence in the PHO's report, and such evidence was in fact presented to the PHO. Article 34(a)(2). The Staff Judge Advocate's reference to CM's expected testimony does not cure this defect since the expected testimony was not presented at the preliminary hearing.[2] The Article 34 advice was therefore defective.

The violations of Article 34 and R.C.M. 405 meant Specification 6 was improperly referred at least with regard to the final two statements. As for the first two statements alleged in Specification 6, the PHO found that the evidence presented at the preliminary hearing with regard to these two statements was better captured in Specification 7 which also involves communications with CM during the same time period. That finding was adopted by the military judge and, based on the evidence before her, her finding is not clearly erroneous. If there is evidence of statements from the accused to CM not encompassed in specification 7, the Government could present that at a new preliminary hearing, but there might still be concern that alleging essentially the same conduct in two separate specifications presents an unreasonable multiplication of charges. *U.S. v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001).

Having found errors at the preliminary hearing and in the Article 34 advice, there is no requirement to find prejudice as a precondition to the grant of a remedy. *U.S. v. Davis*, 64 M.J. 445, 448 (C.A.A.F. 2007). The only question is what remedy is proper. A motion to correct a defect in a preliminary hearing or in the pretrial advice should be treated as a motion for appropriate relief under R.C.M. 906(b)(3). If an error is found, the remedy is ordinarily a continuance. *See* R.C.M. 906(b)(3) Discussion ("If the motion is granted, the military judge should ordinarily grant a continuance so the defect may be corrected."). Because the Article 34

---

[2] If "CM's expected testimony" referred to the CGIS memorandum and the electronic messenger transcript, the SJA was incorrect; those documents did not contain evidence supporting the allegations in specification 6 as opposed to those in specification 7. In addition, while the SJA may disagree with the PHO's determination as to probable cause, it will be to no avail if there has not been substantial compliance with the requirement to present some evidence at the preliminary hearing from which probable cause could be found.

advice implies that the Government has evidence that the accused made the alleged statements to CM, rather than dismissing Specification 6 without prejudice, the military judge could have granted a continuance so the Government could correct the defects or withdraw Specification 6. The Government, however, did not ask the military judge for a continuance. Absent such a request, the military judge did not abuse her discretion in dismissing the specification without prejudice.

### Decision

The Government's appeal is denied.

Chief Judge McCLELLAND and Judge BRUCE concur.



For the Court,


L. I. McClelland
Chief Judge

6