# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, ALMANZA, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DEONTE M. SINGLETERY**
**United States Army, Appellant**

ARMY 20140686

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Wade N. Faulkner, Military Judge (arraignment)
Kenneth W. Shahan, Military Judge (trial)
Lieutenant Colonel Michael D. Jones, Staff Judge Advocate (pretrial and addendum)
Colonel Alison C. Martin, Staff Judge Advocate (recommendation)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief and supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA (on brief).

16 June 2016

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

A military judge sitting as general court-martial convicted appellant, contrary to his pleas, of one specification of attempted sexual abuse of a child under the age of twelve, one specification of sexual abuse of a child as a lesser-included offense of rape of a child under twelve, and one specification of sexual abuse of a child under the age of twelve on divers occasions, in violation of Articles 80 and 120(b), Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 (2012) [hereinafter UCMJ]. The court-martial sentenced appellant to be dishonorably discharged from the Army, to be confined for eleven years, and to be reduced to the grade of E-1. The convening authority approved the sentence as adjudged.[1]

---

[1] Automatic forfeitures were deferred until action and then waived for six months for the benefit of appellant's spouse.

This case was referred to this court pursuant to Article 66(b), UCMJ. Appellant assigns two errors, one of which merits discussion but not relief.[2]  The issues personally submitted by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not merit separate discussion or relief.

## BACKGROUND

Appellant was convicted of sexually abusing his ten-year-old daughter, AS. The government's case consisted of the credible testimony of AS, the initial report of AS to her grandmother, statements made by appellant, and the testimony of an expert who explained counter-intuitive behaviors of children.  Additionally, the government presented evidence that shortly after appellant became aware he was suspected of abusing AS, he disposed of AS's bedsheets and then purchased and made her bed with new sheets.  Subsequently, appellant sold the entire bed.

The defense called two witnesses.  The first testified that he had just viewed appellant's penis and his observation of appellant's penis was inconsistent with the testimony of AS.  Second, the defense called a witness who had visited appellant's house during the time of the charged offenses and he did not see any unusual behavior.

## DISCUSSION

*A. Incomplete record of trial.*

Appellant argues that the record of trial is incomplete.

"Whether a record is complete and a transcript is verbatim are questions of law that this Court reviews de novo." *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014).  In a general court-martial, a "complete record" is required any time the adjudged sentence includes a punitive discharge or other punishment exceeding that which may be imposed at a special court-martial.  Article 54(c)(1)(A), UCMJ.[3]

---

[2] Appellant's first assignment of error requests relief for the 275 day post-trial processing of his case.  *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Although the delay in this case was presumptively unreasonable, *id*., we do not find a due process violation.  Having reviewed the record, we determine that sentence relief is not appropriate in this case.  *See United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).  Additionally, we note that appellant requested and was granted deferment of forfeitures pending action.

[3] We note that a complete record is required for special courts-martial any time the adjudged sentence includes a punitive discharge or confinement for more than six

(continued . . .)

On 28 July 2014, the defense filed a "motion for continuance to allow time for the Convening Authority to order the Article 32 investigation into this case to be reopened." In brief, the defense believed the Article 32 investigating officer had improperly considered an unsworn statement from AS over appellant's objection. *See* Rule for Courts-Martial [hereinafter R.C.M.] 405(g)(4). The statement in question was made during a forensic interview where the importance of being truthful was stressed, but AS was not formally sworn. The defense requested a continuance to ask the convening authority to reopen the investigation. The defense did not request—neither in the written motion nor when arguing the motion—that the military judge order the Article 32 investigation to be reopened.[4] When pressed by the military judge, the defense counsel admitted they had already raised this issue with the convening authority in filing their objections to the Article 32. The defense counsel further agreed that by passing on the defense's objection to the Article 32 hearing, the convening authority had already disagreed that relief was necessary.

Substantively, the military judge also discussed the requirements for oaths when the witness is a child and specifically discussed the case of *United States v. Washington*, 63 M.J. 418 (C.A.A.F. 2006). *See also United States v. Rodriguez-Rivera*, 63 M.J. 372, 378 (C.A.A.F. 2006) ("As a general matter, we have permitted greater latitude and flexibility when it comes to treatment and testimony of child witnesses.").

The military judge ruled as follows: "The defense motion for a continuance or for the court to order a new Article 32 investigation is denied. I'll include findings of fact and conclusions of law in the record as an Appellate Exhibit at a subsequent time." There is no evidence the military judge did, in fact, supplement the record, and there is no evidence of any additional appellate exhibits.

---

(. . . continued)
months. Article 54(c)(1)(B), UCMJ; *see also* Article 19, UCMJ (The jurisdiction of a special court-martial is limited such that a "bad-conduct discharge, confinement for more than six months . . . may not be adjudged unless a complete record of the proceedings and testimony has been made."). Accordingly, in the class of cases where the accused's sentence does not include a discharge but does include six to twelve months confinement, a complete record is required at a special court-martial, but *not* a general court-martial. Until recently, the requirement in R.C.M. 1103(b)(2) that there be a verbatim transcript in all cases where confinement exceeded six months mooted these differences in Article 54, UCMJ. However, R.C.M. 1103(b)(2) was recently amended by section bb of Executive Order 13,730 to require a transcript only when the sentence to confinement exceeds one year. Exec. Order No. 13,730, 81 Fed. Reg. 33,331, 33,337 (May 20, 2016).

[4] The defense's motion was consistent with R.C.M. 905(j), which allows, before trial, any issue "which may be resolved upon motion without trial of the general issue of guilt" to be submitted to the convening authority for decision.

3

Appellant now asserts that the military judge's failure to supplement the record makes the record incomplete.[5] We disagree.

We do not equate the failure of a military judge to put findings in the record to the record being incomplete. During the course of a trial, a military judge makes numerous rulings. For some rules, the military judge is required to make specific findings. *See* Military Rule of Evidence [hereinafter Mil. R. Evid.] 513(e)(3) (Prior to conducting an in camera review "the military judge must find by a preponderance of the evidence . . . ."). However, in the absence of a statutory or regulatory requirement that a ruling be accompanied by findings, whether to make findings—and the degree of detail in those findings—is within the discretion of the military judge.

Admittedly, and operating from the perspective of appellate hindsight, we would often prefer more detailed findings than the record contains. However, that is perspective of a court that is unburdened with the awesome duties and responsibilities of being the presiding official at a contested court-martial. R.C.M. 103(15) (definition of military judge).

Thus, this is not a case where part of the record is incomplete. Rather, this is a case where the military judge indicated he would supplement the record with additional findings—but did not. *United States v. Gray*, 7 M.J. 296 (C.M.A. 1979), on which appellant relies, is easily distinguished. In *Gray*, the actual ruling of the military judge was omitted entirely from the record. Here, by contrast, the record makes clear the military judge's ruling.

Accordingly, we do not find appellant has demonstrated that the record of trial is incomplete. Therefore, as with any rulings by the military judge, we will perform our appellate review based on the record of trial. To the extent the record does not include the military judge's reasoning in denying the defense's motion, the military judge's ruling will receive less deference. *See, e.g., United States v. Townsend*, 65 M.J. 460, 464 (C.A.A.F. 2008).

*B. Consideration of AS's unsworn statement at the Article 32 investigation.*

Our superior court summarized the relevant standards of review as follows:

> As a general matter . . . if an appellant demonstrates that a ruling by the military judge was in error, the burden then

---

[5] We should be clear about what argument appellant is *not* making. Appellant does not assert that the military judge actually made additional findings, provided them to the parties, but omitted the findings from the record. That is, appellant does not assert that a marked appellate exhibit is missing. There is neither evidence in the record, nor argument by appellant, that there is a missing exhibit.

> shifts to the government to demonstrate that the error was harmless. If the error is of constitutional dimension or involves unlawful command influence, the government must show that the error was harmless beyond a reasonable doubt. An error is treated as inherently prejudicial, without the need for a further showing of prejudice, only if it amounts to a structural defect in the constitution of the trial. . . . on appeal we evaluate an error in an Article 32 proceeding under Article 59(a).

*United States v. Davis*, 64 M.J. 445, 449 (C.A.A.F. 2007) (internal citations and quotations omitted). When there is an allegation of error at an Article 32 hearing, "[t]he time for correction of such an error is when the military judge can fashion an appropriate remedy under R.C.M. 906(b)(3) before it infects the trial. . . . In the event that an accused disagrees with the military judge's ruling, the accused may file a petition for extraordinary relief to address immediately the Article 32 error." *Id.*

On appeal, "the situation is quite different" and to prevail, an appellant is required to show prejudice. *Id.; see* Article 59(a), UCMJ. As the Article 32 hearing is not part of the court-martial, to be entitled to relief on appeal there must be a showing of prejudice *at trial* (*i.e.* not merely at the Article 32 hearing). Accordingly, there is a structural preference for error in the Article 32 hearing (or in other accusatory stage matters) to be addressed at trial where such error is more easily resolved. In any event—whether the alleged error is corrected at trial or not—if the error in the Article 32 proceedings does not transmute into an error during trial—relief on appeal is unlikely.

Turning to the issue at hand, it is far from clear that the admission of AS's statements at the Article 32 investigation was improper, given the leeway accorded child witnesses. *Rodriguez-Rivera*, 63 M.J. at 378. The forensic interviewer had a detailed discussion with AS about the importance of telling the truth. AS was asked about and adequately explained the difference between a truth and a lie, providing examples. At the end of the discussion, the interviewer emphasized the importance of telling the truth, and AS "promised" to tell the truth.

However, even assuming error, we cannot find any prejudice in appellant's court-martial from the Article 32 investigating officer considering AS's statements.[6] At trial, AS testified and appellant was fully able to confront and through counsel was able to cross-examine his daughter on her allegations. Any error during the Article 32 proceedings did not affect appellant's trial.

---

[6] At trial, the government filed a motion to admit AS's recorded statements. However, the government withdrew the motion at the completion of AS's testimony. In fact, the only time those statements were heard at the court-martial was when portions of AS's statements were played by the defense during the cross-examination of AS.

**CONCLUSION**

The findings of guilty and sentence are AFFIRMED.

Senior Judge HAIGHT and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court