# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, AND WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain GLEN R. URIK**
**United States Army, Appellant**

ARMY 20140844

Headquarters, 21st Theater Sustainment Command
Joshua S. Shuey, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Mr. Gregory M. Gagne, Esquire (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain John Gardella, JA (on brief).

7 March 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Acquitted of sexual assault, Captain (CPT) Glen Urik was convicted of abusive sexual contact.[1]  The military judge, sitting as general court-martial, sentenced appellant to a dismissal, confinement for fifteen months, and a reprimand.

## BACKGROUND

Appellant was accused of sexual assault by his on-again, off-again girlfriend Ms. LL.  Ms. LL, was a civilian living in Germany.  She was the government's only witness, and testified that after she ended the relationship, appellant grabbed her breast, fondled her genitalia, and had sex with her despite her repeated pleas for him to stop.  The military judge found that the government had met its burden of proof only with regard to the touching of Ms. LL's genitalia, a non-penetrative act.

---

[1] Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012).

## DISCUSSION

Appellant, both personally[2] and through counsel, raises several claims of error. While we briefly comment below on some of these allegations of error, we find in whole appellant's claims lack merit.

### A. Factual and Legal Sufficiency

Appellant asks this court to find the evidence factually and legally insufficient. The government's evidence was not overwhelming and turned entirely on the credibility of Ms. LL. Appellant asks us to discredit the testimony of Ms. LL. Giving no deference to the findings of the trial court, but recognizing that the court-martial had the ability to see and hear the evidence, we find the evidence to be factually sufficient. *See United States v. Davis*, 75 M.J. 537, 546 (Army Ct. Crim. App. 2015) ("[T]he degree to which we 'recognize' or give deference to the trial court's ability to see and hear the witnesses will often depend on the degree to which the credibility of the witness is at issue."). As we find the evidence factually sufficient, we likewise find it legally sufficient.

### B. Inconsistent verdict

We considered, but rejected, appellant's claim that the verdict is fatally inconsistent. The government alleged that appellant unlawfully touched Mrs. LL's breast, then her genitalia, and then finally engaged in sexual intercourse without her consent. The military judge acquitted appellant of the first and last instances of conduct, but convicted appellant of abusive sexual contact for touching Ms. LL's vulva.[3] Appellant claims that the verdict "cannot be reconciled with the evidence presented in the case." We note that, at trial, appellant's counsel during sentencing specifically articulated a theory of the evidence that would make the verdicts consistent. As counsel's argument is but only one possible "rational basis which might have led the judge to his verdict," we do not order any relief. *United States v. Perry*, 22 M.J. 669, 671 (A.C.M.R. 1986); *see generally*, *United States v. Rosario*, __ M.J. __, 2017 CAAF LEXIS 125 (C.A.A.F. 22 Feb. 2017).

---

[2] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] The touching of the breast and vulva were charged in a single specification. The military judge found appellant guilty of touching Ms. LL's vulva but excepted from the specification the touching of her breast.

### C. Unlawful Command Influence

Appellant alleges that his court-martial was tainted by the specter of unlawful command influence (UCI) based on comments by the President, senior leaders in the Department of the Army, and senior Army officers in Germany. Appellant's claim of UCI was generally limited to the accusatory (i.e. not adjudicative) stage of the court-martial. The military judge issued a twenty-page ruling addressing appellant's claims in depth. For the reasons stated by the military judge, we determine no relief is warranted.[4]

### D. Delay in transmitting the preliminary hearing report

The convening authority referred this case to trial shortly after the Article 32 preliminary hearing was completed and before the preliminary hearing report was served on appellant. In short, appellant claimed at trial (and again on appeal) that he was deprived of the opportunity to lodge objections to the report. For relief, appellant requested that the maximum punishment be limited to that which a special court-martial could adjudge for an officer. However, as Rule for Court-Martial [hereinafter R.C.M.] 405(j)(4) makes clear, the convening authority is not required to delay referral in order to provide an accused with an opportunity to object to the report.

We agree that appellant was deprived of the opportunity to submit to the convening authority objections to the preliminary hearing report. As a result, the "waiver" provisions of R.C.M. 405(k) were inapplicable. In other words, appellant was entitled to bring claims of error in the report to the attention of the military judge and request relief without fear that his failure to first raise the matter to the convening authority had forfeited the matter. However, and critically, appellant did

---

[4] We note that appellant asks us to apply our superior court's decision in *United States v. Biagase*, 50 M.J. 143 (C.A.A.F. 1999), to the facts of this case. We are unable to find any case in which the Court of Appeals for the Armed Force (CAAF) has applied *Biagase* to an accusatory instance of UCI when there is no allegation that the UCI tainted (or appeared to taint) the trial itself (i.e., the adjudicative stage). *See generally*, *United States v. Weasler*, 43 M.J. 15, 17-18 (C.A.A.F. 1995) ("[T]his Court has sought to draw a distinction between the accusatorial process and the adjudicative stage, that is, the difference between preferral, forwarding, referral, and the adjudicative process, including interference with witnesses, judges, members, and counsel."). The CAAF's different treatment of waiver of UCI in accusatory and adjudicative stages would indicate that *Biagase* should be limited to the latter. *Id.* However, we need not decide this issue as we find appellant is not entitled to relief under any standard.

not (and does not) articulate any substantive error in the conduct of the preliminary hearing that would require a correction. Therefore, no relief is appropriate. Finally, on appeal (as compared to at trial), there must be prejudice *during the trial* as a result of any uncorrected error that occurred in the Article 32 hearing. *United States v. Davis*, 64 M.J. 445, 449 (C.A.A.F. 2007). Although important, a preliminary hearing is "not part of the court-martial." *Id.*

*E. Failure of trial counsel to verify whether the victim had mental health records*

At trial and on appeal, appellant claims the trial counsel did not adequately verify whether the victim had mental health records.[5] At trial, Ms. LL testified that she had no mental health records. Notwithstanding this testimony, appellant claims error in that the trial counsel did not do enough to verify that Ms. LL had no mental health records. At trial and on appeal appellant misunderstands the discovery obligations of the government counsel. *See generally, US v. Shorts*, __ M.J. __, 2017 CCA LEXIS 38 (Army Ct. Crim. App. 24 Jan. 2017). In any event, since there is still no evidence before this court that: a) such records exist; b) if they exist they contain material information favorable to the defense; and c) there is an applicable exception to the privilege under Military Rule of Evidence [hereinafter Mil. R. Evid.] 513, appellant is not entitled to relief. UCMJ art. 59(a).

*F. Failure to make Section III disclosures*

At trial, and personally on appeal, appellant claims the trial counsel failed to provide him notice of the statements that the government intended to introduce at trial. Each statement had been provided to the defense prior to the Article 32, UCMJ, hearing. Appellant complained he had not been specifically provided "Section III" notice of the statements.[6] Appellant misinterprets the trial counsel's responsibilities.

A trial counsel complies with the 300-series of the Rules of Evidence when he or she turns over *all* statements by an accused. While it is a commendable Army practice to separately turn over a list of statements that the trial counsel intends to introduce at trial, this is not a strict requirement. *See* Mil. R. Evid. 304(d)(1)

---

[5] At trial, appellant requested in discovery "any and all mental health records and/or counseling records of the complaining witness." There was no proffer that such records existed, or explanation as to where they might be located. Ms. LL was a civilian (not a dependent) living in Germany.

[6] "Section III" comprises the 300 series of rules within the Military Rules of Evidence. The rules require the trial counsel to provide certain disclosures to the defense, which is commonly referred to as a "Section III" disclosure.

("*Disclosure*. Prior to arraignment, the prosecution shall disclose to the defense the contents of all statements, oral or written, made by the accused that are relevant to the case, known to the trial counsel, and within the control of the armed forces."); *see also* Mil. R. Evid. 311(d)(1)("*Disclosure*. Prior to arraignment, the prosecution shall disclose to the defense all evidence seized from the person or property of the accused, or believed to be owned by the accused, that it intends to offer into evidence against the accused at trial.").

Finally, we are unable to find any unfair prejudice to appellant from the introduction of the statements when he was provided copies of the statements prior to referral.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court