Judge STUCKY
delivered the opinion of the Court.
Appellants[1] appeal the United States Army Court of Criminal Appeals’ (CCA) summary denial of their petition for a writ of mandamus and prohibition. See Center for Constitutional Rights v. United States and Colonel Denise Lind, Misc. No. 20120514 (A.Ct.Crim.App. June 21, 2012). Appellants summarized their request to this Court, as follows:
(1) Petitioner-Appellants request a writ of mandamus and prohibition to compel the trial court to grant public access to documents filed in United States v. Manning, including without limitation (a) all papers and pleadings filed by the parties, including particularly the government’s motion papers and responses to defense motions, (b) court orders, and (c) transcripts of all proceedings, and that any further restrictions on public access to the proceedings or documents therein only occur following notice to the public of any contemplated restrictions, an opportunity for interested parties to be heard, and ease-by-case specific findings of necessity after consideration of less-restrictive alternatives; and
(2) Petitioner-Appellants request a writ of mandamus and/or prohibition ordering the trial judge to reconstitute past R.C.M. 802 conferences in the Manning case in open court, in a matter not inconsistent with the First Amendment right of public access, and to conduct all future conferences in a matter not inconsistent with the First Amendment right of public access.
We hold that this Court is without jurisdiction to grant the requested relief.[2]
I. Background
Charges were preferred against Private First Class (PFC) Bradley E. Manning [hereinafter the accused], alleging, inter alia that he provided intelligence to the enemy; provided national security information to a person not entitled to receive it; stole, purloined, or knowingly converted to his own use or the use of another certain United States databases, providing intelligence to the enemy, and violated certain lawful general regulations. Articles 92, 109, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 909, 934 (2006).
We denied an earlier writ-appeal submitted by some of the appellants seeking guaranteed access to seats in the gallery of the hearing room for the accused’s Article 32, UCMJ, 10 U.S.C. § 832 (2006), investigation and the right to be present for all sessions of the hearing, including those closed to the public. Assange and Wikileaks v. United States and Lieutenant Colonel Paul Almanza, 71 M.J. 100 (C.A.A.F.2012) (summary disposition). The charges were referred to a general court-martial on February 3, 2012.
After oral argument was had on the current writ-appeal, we specified three issues for the parties to brief: (1) whether this Court and the CCA have subject-matter jurisdiction over Appellants’ request for extraordinary relief; (2) whether Appellants, as non-parties, have standing to file a request for extraordinary relief in this Court or the CCA; and (3) assuming jurisdiction, which officials are lawfully authorized to direct release of the records and to what extent Appellants must first demonstrate that they requested release from an appropriate release official. We invited counsel for the accused to file a brief on the issues, but they declined to do so.
II. Arguments of the Parties
Appellants argue that, for issues arising before the findings and sentence of a court-martial, military appellate courts have poten *128 tial, also known as anticipatory, jurisdiction to entertain petitions for extraordinary relief. To a great extent, they rely on the Supreme Court’s potential jurisdiction jurisprudence from Federal Trade Comm’n v. Dean Foods Co., 384 U.S. 597, 603-04, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966), and this Court’s judgment in ABC, Inc. v. Powell, 47 M.J. 363 (C.A.A.F.1997).
The Government argues that the authority to release the documents “is committed by statute and regulation to the Judge Advocate General (TJAG),” not the military judge, and that this administrative decision is not subject to review by the CCA or this Court. The Government suggests that review by an Article III court is the appropriate forum for litigation of any TJAG decision respecting the release of documents.
III. Jurisdiction
Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction
Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted); see generally Henry M. Hart Jr., The Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialectic, 66 Harv. L.Rev. 1362 (1953) (for the classical treatment of the subject). “The requirement that jurisdiction be established as a threshold matter ‘springs from the nature and limits of the judicial power of the United States’ and is ‘inflexible and without exception.’ ” Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citing Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). “On every writ of error or appeal, the first and fundamental question is that of jurisdiction .... This question the court is bound to ask and answer for itself, even when not otherwise suggested .... ” Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900).
In particular, this Court, and courts-martial in general, being creatures of Congress created under the Article I power to regulate the armed forces, must exercise their jurisdiction in strict compliance with authorizing statutes. As the Supreme Court held in Clinton v. Goldsmith:
When Congress exercised its power to govern and regulate the Armed Forces by establishing the CAAF, see U.S. Const. Art. I, § 8, cl. 14; 10 U.S.C. § 941; see generally Weiss v. United States, 510 U.S. 163, 166-169 [114 S.Ct. 752, 127 L.Ed.2d 1] (1994), it confined the court’s jurisdiction to the review of specified sentences imposed by courts-martial: the CAAF has the power to act “only with respect to the findings and sentence as approved by the [court-martial’s] convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.” 10 U.S.C. § 867(c).
526 U.S. 529, 533-34, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999); see also United States v. Padilla, 1 C.M.A. 603, 606, 5 C.M.R. 31, 34 (1952) (noting that courts-martial are “tribunals of special and limited jurisdiction” and “must be convened strictly in accordance with statutory requirements”). Although Congress has authorized the CCAs a somewhat broader scope of review, it has similarly limited their jurisdiction. See Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).
This Court is empowered to issue extraordinary writs under the All Writs Act. Goldsmith, 526 U.S. at 534, 119 S.Ct. 1538 (citing Noyd v. Bond, 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969)). That act provides that: “[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.” 28 U.S.C. § 1651(a) (2006). “[T]he express terms of the Act confine the power of the CAAF to issuing process ‘in aid of its existing statutory jurisdiction; the Act does not enlarge that jurisdiction.” Goldsmith, 526 U.S. at 534-35, 119 S.Ct. 1538; see United States v. Denedo, 556 U.S. 904, *129 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (“As the text of the All Writs Act recognizes, a court’s power to issue any form of relief— extraordinary or otherwise — is contingent on that court’s subject-matter jurisdiction over the case or controversy.”). As the Supreme Court noted, this Court “is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice.” Goldsmith, 526 U.S. at 536, 119 S.Ct. 1538. We recognized long ago that the “Act does not increase the areas of this Court’s jurisdiction beyond the limitations set out in [Article 67], UCMJ.” Hendrix v. Warden, 23 C.M.A. 227, 228, 49 C.M.R. 146, 147 (1974).
Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2006), our jurisdictional statute, states:
In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.
It is vital to note what we are faced with here. This is not a case like United States v. Lopez de Victoria, where the question was the interpretation of our Article 67 jurisdiction within an existing (Article 62) statutory framework. 66 M.J. 67 (C.A.A.F.2008). This case is not like Denedo v. United States, where the question was the availability of the writ of error coram nobis in cases other than those in which fundamental jurisdictional objections were asserted. 66 M.J. 114 (C.A.A.F.2008), aff'd, 556 U.S. 904, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009). Nor is it like Hasan v. Gross, where the harm alleged by the appellant — that the military judge was biased — had the potential to directly affect the findings and sentence. 71 M.J. 416 (C.A.A.F.2012).
Finally, this case differs in a very important respect from Powell, 47 M.J. 363. In that case, which dealt with the closure of an Article 32 investigation to the press and the public, the accused joined in the proceedings in order to vindicate his right to a public trial. Id. Here, the accused has steadfastly refused to join in the litigation, or, despite the Court’s invitation, to file a brief on the questions presented. We thus are asked to adjudicate what amounts to a civil action, maintained by persons who are strangers to the court-martial, asking for relief — expedited access to certain documents — that has no bearing on any findings and sentence that may eventually be adjudged by the court-martial.
Appellants assert that (1) the trial court “had jurisdiction to consider — and did consider — [Appellants’] claims”; (2) the CCA had potential jurisdiction to issue extraordinary relief because PFC Manning could receive a sentence that would invoke the CCA’s appellate jurisdiction; and (3) this Court has potential jurisdiction under Article 67 to review the CCA’s judgment. Appellants premise their potential jurisdiction argument on Dean Foods Co., 384 U.S. at 603-04, 86 S.Ct. 1738, an antitrust case in which the Supreme Court held that the Federal Trade Commission had implied authority under the All Writs Act to seek injunctive relief in a federal court of appeals. In that case, however, the Supreme Court confined the doctrine of potential jurisdiction to cases “within the appellate jurisdiction of the higher court” and “cases which are within its appellate jurisdiction although no appeal has been perfected.” Id. at 603, 86 S.Ct. 1738. Ultimately, then, any potential jurisdiction we may have in this case must turn on the extent of our own statutory jurisdiction, which is to be found in Article 67, UCMJ, as interpreted by the Supreme Court.
Appellants suggest that this case does not differ significantly from our decision in Powell, and that Congress has done nothing in the intervening years to preclude the relief they are requesting. But (1) Powell was decided before Goldsmith clarified our understanding of the limits of our authority under the All Writs Act, and (2) we assumed jurisdiction in that case without considering the question. More immediately, the accused in Powell joined the media as a party in seeking a writ of mandamus to vindicate his constitutional right to a public trial— something which had immediate relevance to the potential findings and sentence of his *130 court-martial. We are not foreclosing the accused from testing the scope of public access, but he has not done so here.
On these facts, we hold that Appellants failed to meet their burden of establishing that this Court or the CCA has jurisdiction to grant Appellants the relief they seek.
IV. Judgment
Appellants’ writ-appeal is dismissed.

. Center for Constitutional Rights, Glenn Greenwald, Salon.com, Jeremy Scahill, The Nation, Amy Goodman, Democracy Now!, Chase Madar, Kevin Gosztola, Julian Assange, and Wikileaks.

. In light of our jurisdictional holding, we need not reach the granted or other specified issues.