# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Petitioner**

**v.**

**Lieutenant Colonel CHRISTOPHER MARTIN**
**United States Army, Military Judge**
**and**
**Private First Class WILLIS A. GRANT II**
**United States Army, Real Party in Interest**

ARMY MISC 20190561

Headquarters, Fort Stewart
Christopher Martin, Military Judge

For Petitioner: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Catharine M. Parnell, JA (on brief).

For Real Party in Interest: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Benjamin A. Accinelli, JA (on brief).

-------------------------------------------------------------------------------
SUMMARY DISPOSITON AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE
OF A WRIT OF MANDAMUS
-------------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

Per Curiam:

In the general court-martial of Private First Class (E-3) Willis A. Grant II, the accused and the real party in interest, the government petitioned this court for extraordinary relief in the nature of a writ of prohibition. Specifically, the government requested this court vacate the military judge's discovery order directing the government to make the accused's phone available to the defense for inspection. Upon careful consideration, we deny the government's petition for extraordinary relief.

## BACKGROUND

On 28 February 2019, the convening authority referred charges against the accused to a general court-martial. The accused is charged with three specifications of sexual assault, three specifications of assault consummated by battery, and one specification of communicating a threat in violation of Articles 120, 128 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934 [UCMJ]. The alleged victim of all the charged offenses is the accused's spouse, KG.

As part of the law enforcement investigation into the underlying charged offenses, the Army Criminal Investigation Command (CID) interviewed KG. During KG's interview, she stated that the accused shared videos with other soldiers showing her nude while engaging in sexual acts with the accused. CID interviewed the soldiers who confirmed that the accused showed them such videos. The accused denied sharing sexually related videos involving KG.

Pursuant to the statements of KG and the soldiers who claimed to have been shown nude videos of the accused and KG having sex, CID obtained a warrant and seized the accused's phone. CID agents manually reviewed the contents of the phone and found nothing they considered of evidentiary value. CID attempted to conduct a full digital forensic extraction of the phone but could not because it was password protected. In November of 2018, CID submitted the phone to U.S. Army Criminal Investigation Laboratory (USACIL), who connected the phone to "Greykey," a technology used to unlock password-protected electronic devices. Once Greykey cracks the password, USACIL should be able to access the phone and execute a full forensic examination. The government submits that it could take up to twenty years for Greykey to crack the accused's phone password.[1] After almost a year of being connected to Greykey, the accused's phone remains locked. Nonetheless, USACIL was able to obtain a partial extraction revealing videos of interest on the accused's phone.

In August 2019, the defense moved to compel discovery, asserting pursuant to Rule for Courts-Martial [R.C.M.] 701 the right to inspect the accused's seized cellular phone. On 6 August 2019, the military judge ordered the government to make the accused's cellular phone available to the defense for inspection. The government moved for reconsideration of the ruling and the military judge again ordered the government to make available the accused's phone in a discovery order dated 12 August 2019.

---

[1] The twenty-year time estimate is based on a proffer made by the Trial Counsel during an Article 39(a) session to compel discovery of the accused's cell phone. The government presented no expert evidence and did not call any CID agents in support of their opposition motion.

Pursuant to Rules 2(b) and 20 of this court's Rules of Practice and Procedure, on 21 August 2019 the government petitioned this court to issue a writ of prohibition vacating the military judge's discovery order. To date, the accused has not been charged with any offense arising from the allegation that he shared nude videos of he and KG engaging in sex. The government asserts this court should grant the requested relief for two reasons. First, the military judge's order exceeds his power to regulate court-martial discovery under RCM 701(g)(2) because it obligates the government to produce evidence not yet subject to discovery. Additionally, the government contends that executing the military judge's order would interfere with the ongoing criminal investigation of yet uncharged allegations of Other Sexual Misconduct, in violation of Article 120c.

On 28 August 2019, this court ordered the accused to respond to petitioner's requested writ of prohibition addressing (1) whether this court has jurisdiction to take action on the government's petition and, (2) if so, whether we should grant the petitioner's requested relief. On the same day, this court granted petitioner's request to stay the trial proceedings until we acted on the petition. On 16 September 2019, the Defense Appellant Division responded on behalf of the accused asserting this court does not have jurisdiction over the petition and, in the alterative, we should not grant relief because the military judge did not exceed his authority such that his order constitutes a judicial usurpation of his power.

## LAW AND DISCUSSION

The All Writs Act grants the power to "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act is not an independent grant of jurisdiction, nor does it expand a court's existing statutory jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999). Accordingly, the All Writs Act requires a petitioned court to make two determinations: (1) whether the requested writ is "in aid of" the court's existing jurisdiction; and (2) whether the requested writ is "necessary or appropriate." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008) (internal quotation marks omitted).

To determine whether the requested writ is "in aid of" the court's existing jurisdiction, we must initially decide the scope and authority for our existing statutory jurisdiction in this case and how it is aided by the writ. If we were to find that our existing statutory jurisdiction in this matter is derived from Article 66, UCMJ, we would then determine if the writ of prohibition aids our jurisdiction by assessing whether the harm alleged has "the potential to directly affect the findings and the sentence." *Ctr. For Constitutional Rights v. United States*, 72 M.J. 126, 129 (C.A.A.F. 2013) (citing *Hasan v. Gross*, 71 M.J. 416 (C.A.A.F.2012)).

3

Given the limited record before us, we cannot clearly conclude that the government's complained of harms have the potential to directly affect the findings and sentence of this case.[2] Here, the government complains of two harms. The government first asserts that "if the government complies with the military judge's order, it will lose any evidence not yet extracted from the accused's phone." We reject this argument outright as there is no factual basis in the record that would cause us to conclude that evidence on the accused's phone would somehow be destroyed as a result of executing the military judge's order.[3]

The second asserted harm is that if the government were to disconnect the accused's phone to allow the defense inspection in accordance with the military judge's order, it would interfere with the authorized search of the phone, which is part of an ongoing criminal investigation. There is evidence indicating that disconnecting the accused's phone from Greykey will disrupt the process of cracking the password and necessitate a restart of the process. Thus, the inference can be primarily characterized as delay in the government's attempt to crack the password necessary to enable full access to the accused's phone.[4] However, even if we acknowledged this delay as a government harm, we do not conclude the harm directly affects the potential findings and sentence of this case. We base this conclusion on the government's own assertion that the video evidence it seeks from the phone has nothing to do with the current charges against the accused. Rather, the government argues that the video evidence believed to be on the accused's phone is solely related to uncharged misconduct—alleged violations of Article 120c, Other Sexual Misconduct.

Since we conclude that the government's requested writ of prohibition is not "in aid of" the court's existing jurisdiction, we need not determine whether the requested writ is "necessary or appropriate."

---

[2] We note the government's petition neither identifies what our existing statutory jurisdiction is to act in this case nor does it articulate how the requested writ of prohibition would aid this court's existing statutory jurisdiction. Rather, the government's petition skips directly to the second determination—whether the requested writ is necessary or appropriate.

[3] See Footnote 1.

[4] The accused's phone has been connected to the Greykey technology for almost a year without successfully cracking the phone's password. The government proffers that it could take up to twenty years using the Greykey technology to crack the phone's password. Given this information, we note that the potential timeline, due to restarting the Greykey technology after disconnection, would consist of adding another year to the twenty years currently proffered by the government.

GRANT—ARMY MISC 20190561

The government's requested for a writ of prohibition is DENIED.

This court's order staying the trial proceedings is LIFTED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court