# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Charles B. JUSTICE | ) | Misc. Dkt. No. 2020-04 |
| Senior Airman (E-4) | ) | |
| U.S. Air Force, | ) | |
| *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 3** |

On 5 August 2020, Petitioner requested we issue a writ of mandamus directing the military judge to initiate proceedings in his general court-martial on 10 August 2020, the original docketed trial date. According to the petition, the Government does not have a plan for preserving Petitioner's constitutional rights now that the military judge has granted a continuance. This court docketed the petition the same day it was filed.

We note that we received no motions from the Government seeking to file an answer to the petition. *See* JT. R. APP. PROC. R. 19(f)(1). This is not uncommon as we may dismiss or deny a petition without answer from the Government. JT. R. APP. PROC. R. 19(e). Here, we determined it was unnecessary to order the Government to submit an answer and show cause as to why the requested relief should not be granted. The petition and its various appendices provide us the necessary documents to fully consider the issue presented and we find the law regarding continuances to be well settled.

## I. BACKGROUND

In early February 2020, agents from the Air Force Office of Special Investigations (AFOSI) at Kirtland Air Force Base (AFB), New Mexico began an investigation into whether Petitioner had purchased illegal firearm-related items from online vendors in China and imported them into the United States.[1] The AFOSI investigation was initiated after agents received a notification that a package addressed to Petitioner, which contained a firearms silencer, had been intercepted at a mail center in New York by U.S. Customs and Border Protection officials. A subsequent probable cause search of Petitioner's on-base

---

[1] Such activity, if true, would violate 18 U.S.C. § 922(l).

home by AFOSI agents led to the seizure of 17 firearms, large amounts of ammunition, 3 firearms silencers, and other firearms-related items. During the search, AFOSI agents also discovered approximately 166 Liberator II tactical headsets that appeared to be military property.

On 19 February 2020, Petitioner was ordered into pretrial confinement. At that time, the Government alleged that Petitioner had failed to register the firearms found in his on-base home with Kirtland AFB authorities; and violating several federal firearms statutes which were assimilated into the Uniform Code of Military Justice (UCMJ) under Article 134, UCMJ, 10 U.S.C. § 934.[2] On 25 February 2020, the pretrial confinement reviewing officer ordered Petitioner released from confinement. Petitioner's squadron commander issued a written order restricting Petitioner to the limits of Kirtland AFB that same day. According to the charge sheet in this case, this restriction ended on 29 February 2020.

On 16 March 2020, a criminal complaint was filed against Petitioner in United States District Court in Albuquerque, New Mexico. The complaint alleged Petitioner unlawfully imported a firearm, a violation of 18 U.S.C. § 922(l), and possessed an unregistered silencer, a violation of 26 U.S.C. § 5861(d). Petitioner was taken into custody and is currently detained at the Cibola County Detention Center (CCDC) in New Mexico.

On 16 April 2020, Petitioner's squadron commander preferred three charges and three specifications which alleged violations of the UCMJ. These included: (1) willful dereliction of duty for failing to register his weapons with the security forces armory in violation of Article 92, UCMJ, 10 U.S.C. § 892; (2) wrongful disposition of military property by selling Liberator II headsets on the website eBay.com in violation of Article 108, UCMJ, 10 U.S.C. § 908; and (3) larceny of military property by stealing more than 100 Liberator II headsets in violation of Article 121, UCMJ, 10 U.S.C. § 921.[3]

---

[2] These included the 18 U.S.C. § 922(l) allegation described above as well as (1) unlawfully smuggling of goods into the United States, an alleged violation of 18 U.S.C. § 545; (2) receiving or possessing a firearm which is not registered in the National Firearms Registration and Transfer Record, an alleged violation of 26 U.S.C. § 5861(d); and (3) receiving or possessing a firearm without a serial number, an alleged violation of 26 U.S.C. § 5861(i).

[3] All references in this order to the Uniform Code of Military Justice, Rules for Courts-Martial, and Military Rules of Evidence may be found in the *Manual for Courts-Martial, United States* (2019 ed.).

An Article 32 preliminary hearing was conducted between 5–8 May and 22 May 2020. All charges and specifications were referred to a general court-martial on 7 July 2020 and were served on Petitioner on 9 July 2020.

On 22 July 2020, the Government provided notice to the Air Force Trial Judiciary's Central Docketing Office of the referral of the charges. The notice indicated the parties agreed to a 3 August 2020 arraignment date, the Government was ready for trial on 10 August 2020, and the Defense was ready for trial on 14 September 2020. On 23 July 2020, the Clerk, Air Force Trial Courts, informed the parties to agree on a mutually agreeable time to conduct the docketing conference and to submit their schedules prior to the docketing conference. On 24 July 2020, the parties submitted their schedules. The Defense expressed a preference for conducting the docketing conference on "Tuesday of next week" which would have been 28 July 2020.

By 27 July 2020, CCDC officials knew that Petitioner tested positive for the coronavirus disease 2019 (COVID-19). A detention management inspector with the U.S. Marshals Service emailed a notification to those involved in the U.S. District Court proceedings that Petitioner had tested positive. Petitioner's civilian defense attorney in the district court proceedings in turn notified one of Petitioner's military defense counsel.

On 28 July 2020, the docketing conference was held and it resulted in Petitioner's trial being set for 10–14 August 2020. At the docketing conference, trial defense counsel mentioned Petitioner's positive test for COVID-19. In response to this notification, at 1345 hours on 28 July 2020, the Chief of Military Justice at Kirtland AFB sent an email to three individuals: the Assistant Warden at CCDC; a representative of the U.S. Marshals Service who coordinated Petitioner's movement to and from the CCDC for the Article 32, UCMJ, 10 U.S.C. § 832, preliminary hearing; and a federal prosecutor at the U.S. Attorney's Office in New Mexico. Initially, the email notified these individuals of the newly-docketed trial dates and discussed the procedures for having Petitioner appear at the court-martial. The email then stated "[a]dditionally, we were just informed by the Defense that they were told [Petitioner] contracted [COVID-19]. I was hoping someone could confirm this information. If it is accurate, I'd also like to request what types of mitigation measures are being taken with respect to his medical well-being (i.e., quarantine, etc.)."

At 1357 hours, the representative from the U.S. Marshals Service replied

> Cibola County is currently locked down due to a [COVID-19] outbreak at the facility. No transports will be allowed at this time and I do not know if movement will be allowed in your requested timeframe. We will need to ensure the safety of all Cibola inmates before we will allow transports to resume. [Petitioner] has

> tested positive for [COVID-19] and inmates who have tested positive . . . are being quarantined and monitored by medical staff. This is a dynamic situation and I understand it may pose an issue with your upcoming trial but this outbreak is affecting all Federal Courts as well as they have all been cancelled or postponed as well.

The detailed military judge conducted a Rule for Courts-Martial (R.C.M.) 802 conference with the parties on 28 July 2020 and issued a scheduling order that day. The scheduling order mentioned Petitioner's positive COVID-19 test result and ordered specific measures for his trial. First, the military judge informed the parties that "no known positive/symptomatic individuals will be permitted in the courtroom and the Government must seek a means of testing the [Petitioner] prior to trial to ensure he is negative." The military judge also required the parties to submit a joint mitigation plan by 30 July 2020 of "all the measures that will be implemented to minimize the risk to trial participants, and whether appropriate medical personnel concur that the proposed mitigation measures are sufficient to minimize risk to all participants."

On 29 July 2020, the senior trial counsel and the Assistant Warden at CCDC had a phone conversation regarding Petitioner's upcoming court-martial. The senior trial counsel summarized the conversation in a follow-up email to the Assistant Warden which he agreed was accurate. Petitioner's trial defense counsel were courtesy copied on the email. Most pertinently, the Assistant Warden confirmed that (1) CCDC was following the state of New Mexico's guidance on quarantining and this included a 14-day quarantine after a positive test is received; and (2) the quarantine lockdown of CCDC would run until 11 August 2020 and this date was subject to extension.

On 29 July 2020, the Government filed a written motion for continuance. In it, the Government noted they "first learned" that Petitioner tested positive for COVID-19 at the docketing conference. The Government asserted they took the necessary steps to confirm this information with the U.S. Marshals Service and the CCDC Assistant Warden to determine its impact on the docketed trial dates. The Government requested the arraignment be moved to 14 September 2020 and the motions and trial be conducted on 1 February 2021 or an earlier date depending upon the availability of defense counsel.

On 30 July 2020, the Defense submitted a written response to the continuance motion requesting it be denied. The Defense argued *inter alia* that the issues identified in the Government's motion could be handled prior to 10 August 2020 and that if the U.S. Marshals Service refused to transport Petitioner then the military judge could issue an order for them to comply. The Defense further wrote "[i]f the facts of this response are disputed," then they would

request an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session to call the U.S. Marshals Service representative to testify.

On 31 July 2020, the military judge issued a written ruling granting in part the Government's continuance. The military judge set the arraignment for 14 August 2020 via video teleconference and ruled that "at arraignment the Court will establish the new date for motions and trial" and that "all parties will be prepared to discuss dates at that time." The military judge excluded the time period from 10–13 August 2020 under R.C.M. 707. In the findings of fact, the military judge listed five additional motions that had been filed by the Defense. These motions can be generally described as (1) a motion to dismiss for speedy trial violations; (2) a motion for appropriate relief for a defective Article 32 hearing; (3) a motion for appropriate relief for illegal pretrial punishment; (4) a motion for appropriate relief involving Mil. R. Evid. 317, *Interception of wire and oral communications*; and (5) a motion to suppress statements of Petitioner.

Later on 31 July 2020, trial defense counsel filed a written request for reconsideration. On 3 August 2020, the Government responded and requested the military judge deny the reconsideration motion. On 4 August 2020, the military judge issued a written ruling denying the defense motion for reconsideration. Petitioner filed the request for us to issue a writ of mandamus on 5 August 2020.

## II. LAW

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction. *See Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction. *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Goldsmith*, 526 U.S. at 534–35). As the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject matter jurisdiction over the case or controversy. *United States v. Denedo*, 556 U.S. 904, 911 (2009). "To establish subject matter jurisdiction, the harm alleged must have had the 'potential to directly affect the findings and sentence.'" *LRM v. Kastenberg*, 72 M.J. 364, 368 (C.A.A.F. 2013) (quoting *Center for Constitutional Rights (CCR) v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013)).

The writ of mandamus is a drastic and extraordinary remedy reserved for extraordinary causes. *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (internal quotation marks and citations omitted). The United States Supreme

Court has held that three conditions must be met before a court provides extraordinary relief: (1) the party seeking the writ must have "no other adequate means to attain the relief;" (2) the party seeking the relief must show the "right to issuance of the writ is clear and indisputable;" and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted).

The military judge may, for reasonable cause, grant a continuance to any party for such time, and as often, as may appear to be just. Article 40, UCMJ, 10 U.S.C. § 840. A continuance can only be granted by a military judge. R.C.M. 906(b)(1). Reasons for a continuance may include an "illness of an accused." R.C.M. 906(b)(1), Discussion.

The United States Supreme Court has recognized that "broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 18 (1983). "A military judge's decision to grant or deny a continuance must be tested for an abuse of discretion." *United States v. Miller*, 47 M.J. 352, 358 (C.A.A.F. 1997) (citation omitted). "An abuse of discretion exists where reasons or rulings of the military judge are clearly untenable and . . . deprive a party of a substantial right such as to amount to a denial of justice . . . ." *Id.* (internal quotation marks and citation omitted).

## III. ANALYSIS

Petitioner argues that the petition is in aid of our jurisdiction under the All Writs Act. We agree. The harm alleged by Petitioner has the potential to directly affect the findings and sentence.

Two factual assertions in the petition warrant close examination. First, the petition states the "military judge granted the continuance through 1 February 2021." This assertion is not supported by the military judge's initial written ruling. The military judge granted the Government's continuance motion "in part" and specifically continued the arraignment until 14 August 2020. The motions and trial on the merits in this case have not been docketed for 1 February 2021.

Second, the petition states that Petitioner "waived his rights to be present at trial pursuant to R.C.M. 804." The issue of waiver of Petitioner's right to be present was raised to the military judge after the continuance was granted in part and the Defense moved for reconsideration. In the reconsideration motion, the senior defense counsel wrote,

> In order to preserve his Speedy Trial Right to a 10 August trial date, [Petitioner] *will agree* to waive his right to be present at

> the trial pursuant to R.C.M. 804, and *agree* to be present by remote means. The Defense hereby requests that [Petitioner] be permitted to [appear] at his Court-Martial remotely if necessary in order to preserve his trial date."

(Emphasis added). We see nothing in the language of the Defense's reconsideration motion to show a completed waiver by Appellant of his right to be physically present during any part of his trial. At best, this language indicates an intent by Petitioner to agree to waive his right to be present at some future point.

The military judge directly addressed the issue of waiver in the reconsideration ruling. The findings of fact include "[t]here is no evidence the CCDC has a means to effectuate the remote presence of [Petitioner]." In the analysis, the military judge determined that waiver of presence only applied to Article 39(a), UCMJ, sessions and, citing to R.C.M. 804(b), that audiovisual technology will satisfy the "presence" requirement of the Petitioner only when the Petitioner has a defense counsel physically present at his location. The military judge concluded that this was not possible "as a lockdown prevents [Petitioner] from exiting confinement and defense counsel from entering it to be present with [Petitioner]."

On reconsideration, the military judge found the "[G]overnment remains unable to secure [Petitioner] for trial on 10 August." The military judge also forecast that the originally scheduled five days of trial "appear to be insufficient" to litigate five motions "and a [members'] trial with at least 14 witnesses." The military judge further found the parties had yet to agree to an acceptable joint health and safety plan including Petitioner's "negative COVID-19 test prior to entering the courtroom." The military judge maintained the court's original ruling and found a continuance to be required in the interests of justice.

Having addressed the two factual assertions, we turn to the legal arguments of Petitioner and begin with the argument that the right to issuance of the writ is clear and indisputable, the second condition under *Cheney*. First, Petitioner asserts that the issuance of the writ is clear and indisputable because the timing of the Government's continuance motion, the day after docketing the trial date, indicates bad faith on the Government's part. Petitioner argues the Government was aware of the protocols for removing Petitioner from CCDC as this had been previously accomplished for the Article 32 preliminary hearing. Petitioner also cites various provisions of the Constitution

including that the due process clause of the Fifth Amendment[4] "may be applicable to protect an accused against egregious trial delays."

On the assertion of bad faith, we note that the military judge assessed six factors from *Miller* before initially granting the continuance in part. 47 M.J. at 358. One of those factors was the "good faith of the moving party" with a finding of "no evidence" that the Government acted in bad faith or for strategic reasons. The military judge assessed there was no evidence that the Government acted in bad faith or sought a continuance for strategic reasons, but "[r]ather the [G]overnment appears to have been unprepared for docketing the case and neglected understanding the procedures necessary to secure [Petitioner] and witnesses presence amidst a global pandemic." Petitioner has not shown the military judge's conclusion that the Government acted in good faith was clearly untenable. The military judge weighed the Government's unpreparedness at docketing and their neglect in understanding COVID-19 procedures and still found no bad faith. While Petitioner disagrees with the military judge's conclusion, the conclusion itself is not clearly untenable.

Regarding the Government's awareness of protocols, the military judge analyzed another *Miller* factor—whether the Government as the moving party used reasonable diligence. *See id.* The military judge found the Government was "not diligent in ensuring [Petitioner's] presence" for trial and weighed this factor in Petitioner's favor. The military judge's decision to grant the continuance, even though the Government was not diligent, is not clearly untenable.

Petitioner's next point is that his constitutional rights are "at significant risk of violation." We are not persuaded that the risk of a constitutional violation, even a significant one, is sufficient to show a "clear and indisputable" right to a trial start date of 10 August 2020 as originally docketed. The length of the continuance at this point is a few days. Further, it appears many constitutional issues remain subject to motion practice. Two of the motions filed by the Defense are submitted with the petition and request a remedy of dismissal with prejudice. Under these circumstances, Petitioner has not carried the burden required for the drastic remedy that he seeks.

We briefly comment on Petitioner's argument that he has no other adequate means to attain relief, the first *Cheney* condition, as the military judge ruled on the continuance motion initially and on reconsideration. We agree with Petitioner in part as his arraignment will be held, at the earliest, on 14 August 2020. Still, we see an opportunity to limit the length of further continuances differently than Petitioner. We would expect a discussion on the record, in an Article 39(a), UCMJ, session at the arraignment where the parties will

---

[4] U.S. CONST. amend. V.

submit their schedules, project the availability of witnesses, and discuss other factors necessary to conduct motions and the trial under the current global pandemic. After which, if the military judge then finds reasonable cause for a further continuance, one may be granted "for such time . . . as may appear to be just." *See* Article 40, UCMJ. As the military judge has yet to make a decision on a continuance beyond 14 August 2020, we decline to find Petitioner has no other adequate means of relief of arguing his trial should be held prior to 1 February 2021, a position that appears amenable to the Government depending on defense counsel's availability.

As we have determined that Petitioner has not met the first prerequisite under *Cheney* and has only partially met the second prerequisite, we do not reach the final question of whether we are satisfied, in the exercise of our discretion, that the writ is "appropriate under the circumstances." 542 U.S. at 380–81 (citations omitted).

Without prejudice to Petitioner's ability to challenge on appeal the military judge's rulings, we find that Petitioner has not demonstrated a clear and indisputable right to the relief of a writ of mandamus and that he has other adequate means to attain relief for a continuance beyond 14 August 2020.

Accordingly, it is by the court on this 12th day of August, 2020,

**ORDERED:**

The Petition for Writ of Mandamus dated 5 August 2020 is **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court