# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| *In re* Charles B. JUSTICE | ) | Misc. Dkt. No. 2021-01 |
| Senior Airman (E-4) | ) | |
| U.S. Air Force | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 3** |

On 3 March 2021, Petitioner filed with this court a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Motion for a Stay of Proceedings, seeking to have this court direct the military judge detailed to his court-martial to order a new preliminary hearing in accordance with Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832, and to stay the ongoing proceedings of his court-martial pending the resolution of this petition. Petitioner has attached to his petition a number of appendices consisting of defense motions, government replies, rulings of the military judge, and related documents.

On 5 March 2021, the Government opposed Petitioner's Motion for a Stay of Proceedings of his court-martial. We have not directed the Government to submit a response to the petition itself, and the Government has not requested leave to do so. *See* JT. R. APP. PROC. R. 19(f)(1). We find that we may decide the petition on the basis of the documents Petitioner has provided.

## I. BACKGROUND

On 16 April 2020, Petitioner's squadron commander preferred against Petitioner one specification of willful dereliction of duty, one specification of wrongful disposition of military property of a value more than $1,000.00, and one specification of larceny of military property of a value more than $1,000.00, in violation of Articles 92, 108, and 121, UCMJ, 10 U.S.C. §§ 892, 908, 921. On the same day, the special court-martial convening authority (SPCMCA) designated Major (Maj) AM as the preliminary hearing officer (PHO) to conduct a preliminary hearing on the charges in accordance with Article 32, UCMJ, to be held on 28 April 2020. At the time, Maj AM was senior in grade to Petitioner's defense counsel, Captain (Capt) RS, as well as counsel for the Government. Maj AM was a reserve judge advocate who, in her reserve capacity, had performed duties as an executive officer to the commander of the Air Force Legal

Operations Agency (AFLOA), who was also the commander of Petitioner's defense counsel.

On 24 April 2020, Lieutenant Colonel (Lt Col) NM submitted a notice of representation of Petitioner and requested the hearing be delayed one week from 28 April 2020 until 5 May 2020. The PHO granted the delay. Both Lt Col NM and Capt RS represented Petitioner at the preliminary hearing. Like Capt RS, Lt Col NM was assigned to AFLOA.

The hearing convened in the courtroom at Kirtland Air Force Base (AFB), New Mexico, on 5 May 2020. At the PHO's direction, the participants observed several measures in order mitigate the risk of infection with the COVID-19 virus. These measures included the wearing of masks by all individuals present, including witnesses, and maintaining a distance of six feet between individuals in the courtroom, including Petitioner and his two defense counsel.[1] As a result, Petitioner and his counsel were not able to orally communicate among themselves while the hearing was in progress. In order to mitigate this impediment, the PHO permitted the passing of notes and texting with electronic devices, although Petitioner did not have such a device, and did not enforce the "one counsel, one cause" rule. In addition, the PHO indicated she would liberally grant recesses; although the record does not reflect how many recesses there were, at no point did the PHO deny a recess requested by the Defense.

After the hearing opened on 5 May 2020, at the Defense's request, the PHO delayed the hearing until 7 May 2020 in order to give Petitioner an opportunity to review his video-recorded interview by the Air Force Office of Special Investigations (AFOSI). The hearing resumed on 7 May 2020 and continued through 8 May 2020. The hearing was then delayed again until 22 May 2020 due to a combination of defense counsel's unavailability and one of the participants experiencing symptoms similar to COVID-19. The hearing concluded on 22 May 2020.

Defense counsel made numerous objections before, during, and after the hearing. *Inter alia*, the Defense objected on the grounds that the PHO did not outrank Lt Col NM; that the PHO was not impartial; that the "unsafe" hearing should be delayed; and that an AFOSI agent testified while wearing a mask over his nose and mouth. The PHO recorded these and other objections in her report to the SPCMCA. Notably, with respect to the objection that Lt Col NM was senior in grade to the PHO, Maj AM recorded the following:

---

[1] In addition, on each day of the hearing, either a public health official or the PHO asked the participants health screen questions.

I held a conference call with counsel on 27 April 2020 to discuss the way forward on the topic of Lt Col [NM] outranking me. During the conference call, I asked government counsel to check with every O-5 and O-6 that I could find in the local area to Kirtland AFB to see if they could serve as PHO. [Defense counsel] also noted that they would accept a military judge serving as PHO via [video teleconference], so I instructed [government counsel] to pursue that option as well. . . .

[Government counsel] responded to my request with emails stating that no O-5 or O-6 [judge advocate] in the local area could serve as PHO . . . and that the Central Docketing Office declined to provide a military judge via [video teleconference]. . . . Based on this information, I found a military necessity to continue as PHO despite the fact that Lt Col [NM] outranks me. I sent a written response to the parties denying [the defense] request in its entirety and explaining my reasoning . . . . The SPCMCA followed with a denial of the defense requests [for a new PHO] on 30 April 2020.

The PHO completed her report on 16 June 2020. She found probable cause existed for each of the charged offenses and recommended Petitioner be tried by a general court-martial. On 7 July 2020, the general court-martial convening authority referred the charges and specifications for trial by a general court-martial.

On 18 November 2020, the Defense submitted a motion for appropriate relief, requesting the military judge to order a new Article 32, UCMJ, preliminary hearing. The Defense cited several alleged errors in the prior proceedings, including, *inter alia*, that the PHO was junior in grade to Lt Col NM; that the PHO in her reserve capacity served as the executive officer to the defense counsel's commander; that measures to avoid the transmission of the COVID-19 virus prevented "instantaneous communication" between defense counsel and Petitioner; and that defense counsel and Petitioner were unable to see the facial expressions of witnesses. The Defense asserted that these and other irregularities degraded Petitioner's substantial rights, including, *inter alia*, "his right to have counsel seated with him at the hearing," his right to communicate privately with his counsel, his "right to a hearing with a PHO who outranks the military counsel detailed to the hearing," and "his right to see the facial expressions of witnesses." The Government opposed the motion.

On 27 February 2021,[2] the military judge issued a written ruling denying the Defense's motion, finding the Article 32, UCMJ, proceedings had been in "substantial compliance" with Rule for Courts-Martial (R.C.M.) 405. After making findings of fact and reviewing applicable law, the military judge addressed each of the deficiencies alleged by the Defense in turn. Pertinent to the instant petition, with respect to distancing and mask-wearing, the military judge found these "safety measures were (and remain) consistent with scientific guidance indorsed by the [Centers for Disease Control and Prevention] to respond to the unique operating environment of a global pandemic caused by COVID-19." The military judge noted the Defense's ability to communicate by text message and that the Defense was never denied a request for a recess, and concluded the distancing requirement did not impair Petitioner's right to the assistance of counsel.

With regard to the witnesses wearing masks, the military judge noted an accused's right to confront witnesses face-to-face is not absolute. Relying on *Maryland v. Craig*, the military judge assessed whether the interference with face-to-face confrontation was "necessary to further an important public policy and . . . the reliability of the testimony [was] otherwise assured." 497 U.S. 836, 850 (1990). The military judge found the wearing of masks was necessary to further the important public policy of "ensuring the health and safety of all proceeding participants amidst a unique global pandemic."[3] In addition, she found the reliability of the testimony was assured by the physical presence of the witness, the administration of an oath, the opportunity for cross-examination, and observation of the witness's demeanor by the trier of fact—with the exception of movement of the witness's nose and mouth. *See id.* at 846 (citations omitted). In this regard, the military judge found the PHO was able to evaluate the AFOSI agent's testimony without seeing his lips move.

---

[2] Based on the record before us, it appears the military judge held a hearing on the motion in early February 2021. However, we have not been provided a recording or transcript of that hearing. Petitioner has not requested this court to order the production of a recording or transcript, and we find they are unnecessary to our resolution of the instant petition.

[3] The military judge also cited several federal district court decisions holding that the wearing of masks covering the nose and mouth by witnesses testifying at trial during the COVID-19 pandemic did not infringe the Sixth Amendment right of confrontation. *See United States v. Clemons*, No. RDB-19-0438, 2020 U.S. Dist. LEXIS 206221, at *7–8 (D. Md. 4 Nov. 2020) (mem.); *United States v. James*, No. PCT-DLR-19-08019, 2020 U.S. Dist. LEXIS 190783, at *5–6 (D. Ariz. 14 Oct. 2020) (order); *United States v. Crittenden*, No. 4:2-CR-7 (CDL), 2020 U.S. Dist. LEXIS 151950, at *13–22 (M.D. Ga. 21 Aug. 2020) (order).

With regard to the PHO's rank and impartiality, the military judge noted Maj AM was senior in grade to the detailed counsel at the time of her appointment. The military judge further noted Lt Col NM was detailed shortly before the original hearing date, and the PHO ordered the Government to investigate the availability of a replacement PHO in the area, and to request the detailing of a military judge as PHO, both without success. The military judge further noted the requirement under Article 32(b)(3), UCMJ, and R.C.M. 405(d)(1) for a PHO at least equal in grade to the detailed counsel was not absolute, and the evidence supported the PHO's conclusion that meeting the requirement was not practicable in this case. Furthermore, the military judge noted Maj AM explained her reserve duties for the record. The military judge noted Maj AM had not actually performed duties as the AFLOA commander's executive officer since the summer of 2019, and she found there was no evidence Maj AM had any actual role in the processing of Lt Col NM's or Capt RS's performance evaluations or promotion recommendations. Moreover, the military judge concluded there was "no future risk" of such a conflict because, due to organizational restructuring, the position of AFLOA commander was imminently to cease to exist. The military judge concluded there was no "reasonable suspicion" that defense counsel were inhibited from performing their duties "for fear of incurring [Maj AM's] displeasure."

Petitioner's court-martial is scheduled to resume on 15 March 2021.

## II. LAW

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983)). In order to obtain a writ of mandamus, Petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)).

The purpose of an Article 32, UCMJ, preliminary hearing is to determine whether or not the specifications allege offenses under the UCMJ; whether there is probable cause to believe the accused committed the charged offenses; whether the convening authority has jurisdiction over the charged offenses and the accused; and a recommendation as to how the case should be disposed. 10 U.S.C. § 832(a)(2). "Whenever practicable, the [PHO] shall be equal in grade or senior in grade to military counsel who are detailed to represent the accused

or the Government at the preliminary hearing." 10 U.S.C. § 832(b)(3). Subsection (d) of Article 32, UCMJ, articulates the "rights of [the] accused." 10 U.S.C. § 832(d). These include the right to be advised of the charges; the right to be represented by counsel at the hearing, and to be advised of that right; and the right to cross-examine witnesses who testify at the hearing and to present additional evidence relevant to the issues for determination at the hearing. 10 U.S.C. § 832(d)(1), (2). The requirements of Article 32, UCMJ, "are binding on all persons administering this chapter, but failure to follow the requirements does not constitute jurisdictional error." 10 U.S.C. § 832(g).

R.C.M. 405 provides additional direction for the conduct of preliminary hearings. In general, "no charge or specification may be referred to a general court-martial for trial until completion of a preliminary hearing in substantial compliance with [R.C.M. 405]." R.C.M. 405(a). The PHO is required to be impartial. R.C.M. 405(d)(1)(A). "Whenever practicable, the [PHO] shall be equal or senior in grade to the military counsel detailed to represent the accused and the [G]overnment at the preliminary hearing." R.C.M. 405(d)(1)(B). The accused's rights with regard to the preliminary hearing include the rights to: "[b]e advised of the charges under consideration;" "[b]e represented by counsel;" "[b]e informed of the purpose of the preliminary hearing;" "[b]e informed of the right against self-incrimination under Article 31;" except in limited circumstances, "be present throughout the taking of evidence;" "[c]ross-examine witnesses on matters relevant to the issues for determination . . .;" "[p]resent matters relevant to the issues for determination . . .;" and "[m]ake a sworn or unsworn statement relevant to the issues for determination . . . ." R.C.M. 405(f). "Witness testimony may be provided in person, by video teleconference, by telephone, or by similar means of remote testimony." R.C.M. 405(i)(3)(A).

An accused need not demonstrate prejudice in order to obtain a remedy from a military judge for violation of the accused's rights at an Article 32, UCMJ, hearing. *See United States v. Davis*, 64 M.J. 445, 448 (C.A.A.F. 2007) (citation omitted). "In the event that an accused disagrees with the military judge's ruling, the accused may file a petition for extraordinary relief to address immediately the Article 32 error." *Id*. at 449 (citation omitted).

### III. ANALYSIS

Before this court, Petitioner asserts he was deprived of the following "substantial rights" during the Article 32, UCMJ, proceedings:

> (1) a conflict-free [PHO] who outranked his detailed military counsel as is required whenever practicable by R.C.M. 405(d)(1)(B); (2) the ability to effectively communicate with his defense counsel as demanded by due process and required by the

Sixth Amendment[4] by virtue of the prohibitions put in place during the hearing; and (3) the opportunity to effectively examine and assess the demeanor and credibility of adverse witnesses due to the PHO's requirement that all those in attendance wear facemasks.

We find that we have jurisdiction to rule on the instant petition. The military Courts of Criminal Appeals are courts of limited jurisdiction which "must exercise their jurisdiction in strict compliance with their authorizing statutes." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013). The jurisdiction of the Courts of Criminal Appeals is defined by Article 66, UCMJ, 10 U.S.C. § 866. Article 66(d)(1) provides, in pertinent part: "In any case before the Court of Criminal Appeals under subsection (b) [REVIEW], the Court may act only with respect to the findings and sentence as entered into the record under section 860c of this title (article 60c)." 10 U.S.C. § 866(d)(1). Thus, our review of an appeal by an accused is generally confined to the results of a court-martial. However, in *Davis*, our superior court explained that an accused may petition this court for review of a military judge's pretrial ruling on the adequacy of an Article 32, UCMJ, proceeding, and need not wait until the court-martial concludes. 64 M.J. at 449. Accordingly, we find our consideration of the instant petition is in aid of our existing jurisdiction.

Nevertheless, we further find Petitioner has not demonstrated he is entitled to the "drastic" remedy of a writ of mandamus. *Howell*, 75 M.J. at 390 (citation omitted). Specifically, Petitioner has failed to demonstrate his "clear and indisputable" right to relief, and in addition we are not persuaded the issuance of the requested writ is "appropriate under the circumstances." *Hasan*, 71 M.J. at 418 (citation omitted). In reaching these conclusions, for purposes of the instant petition, it is unnecessary for us to analyze or indorse every rationale articulated by the PHO and military judge; it is enough to conclude that the measures Petitioner complains of were not "indisputably" erroneous under the circumstances.

With regard to the PHO's impartiality, the petition does not challenge the military judge's determination that there was no evidence Maj AM had any actual role in processing the defense counsel's performance reports or promotion recommendations, and that Maj AM would have no such role in the future. With regard to the PHO's grade, under both Article 32, UCMJ, and R.C.M. 405 the requirement that the PHO be at least equal in grade to counsel for the parties is explicitly not absolute, and is required only "whenever practicable." In light of Lt Col NM's detailing days before the originally scheduled hearing date and after Maj AM's appointment; the PHO's direction to government

---

4 U.S. CONST. amend. VI.

counsel to determine whether a substitute PHO of the desired grade was available in the local area, and whether a military judge was available for such duty; as well as the SPCMCA's 30 April 2020 denial of the Defense's request for a new PHO; we are not persuaded Petitioner has demonstrated the appointment of a PHO in the grade of lieutenant colonel or higher was indisputably "practicable" under the circumstances.[5]

With regard to Petitioner's ability to communicate with his counsel during the hearing, both Article 32, UCMJ, and R.C.M. 405 guarantee an accused's right to be "represented" by counsel at the hearing; they do not guarantee an accused's unfettered ability to communicate with counsel by any particular means while the hearing itself is in progress. Petitioner has failed to demonstrate that the ability to send text messages, pass notes, and, most importantly, request recesses as needed in order to confer were an indisputably inadequate provision to enable Petitioner's effective representation by his two detailed military defense counsel during the hearing.

With regard to the wearing of masks, the military judge noted multiple federal district courts have ruled that the wearing of a mask over the nose and mouth *at trial* does not infringe the Sixth Amendment right of confrontation. *See* note 3, *supra.* Moreover, the military judge found the PHO could adequately evaluate testimony without seeing the witness's lips move. Under the circumstances, and in light of the military judge's analysis of this issue, Petitioner has not demonstrated the wearing of masks by witnesses at the preliminary hearing was indisputably erroneous.

Again, for purposes of the instant petition, our analysis is guided by the demanding standards governing the issuance of a writ of mandamus. Our decision is not binding or determinative with regard to any subsequent consideration of these matters in the course of any subsequent appeal pursuant to Article 66, UCMJ, and is without prejudice to Petitioner's ability to raise such issues in due course.

Accordingly, it is by the court on this 10th day of March, 2021,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Mandamus dated 3 March 2021 is hereby **DENIED** without prejudice to Petitioner's opportunity to raise these matters in any subsequent appeal pursuant to Article

---

[5] We express no opinion as to whether an accused has a "substantial right" to the appointment of a PHO that is at least equal in grade to the military defense counsel.

66, UCMJ. The Motion for a Stay of Proceedings dated 3 March 2021 is **DE-NIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court